OPINION
This appeal is taken by Appellant, Terry King, from a judgment of the Court of Common Pleas of Auglaize County sentencing Appellant to twelve months in prison upon a conviction for one count of possession of cocaine. For the reasons expressed in the following opinion, we must reverse the trial court's judgment.
The record indicates that the Auglaize County Grand Jury returned an indictment on January 10, 2000, charging Appellant with one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11(A)(C)(4)(a). Appellant entered an initial plea of not guilty and the matter was scheduled for a jury trial. However, prior to opening arguments, the parties informed the court that plea negotiations had taken place during a recess, and that Appellant wished to withdraw his prior plea and plead no contest to the charge contained in the indictment. After a lengthy discussion with Appellant concerning the effects of a no contest plea, the court accepted the agreement and found Appellant guilty. The court immediately proceeded to sentence Appellant to the maximum, a twelve month prison term. The judgment entry of conviction and sentence was issued on February 23, 2000. Appellant then perfected this timely appeal, asserting a single assignment of error for our review:
 The trial court, before accepting Mr. King's no contest plea, erred in failing to tell Mr. King about bad time, post-release control time, and post-release control sanctions. The plea was thus involuntary. * * *
In support of this assignment of error, Appellant cites to Crim.R. 11(C)(2)(a), which provides the following:
 (C)(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.
In addition to Crim.R. 11, Appellant also relies upon the mandates contained in R.C. 2943.032:
 Prior to accepting a guilty plea or a plea of no contest to an indictment * * *, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 (A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
 (B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation.
 (C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
 (D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
 (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.
Appellant specifically claims that when Crim.R. 11 is read in conjunction with R.C. 2943.032, it becomes clear that a plea is not entered knowingly, voluntarily and intelligently in the absence of an explanation by the trial court as to the possibilities of "bad time" and post-release control. With regard to the issue of "bad time", we agree that the record conclusively establishes the trial court's failure to advise Appellant of the possibility of such an extension of his sentence. Nonetheless, we find this to be harmless error based upon the decision announced by the Supreme Court of Ohio inState ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132,729 N.E.2d 359. In that case, the Court concluded that R.C.2967.11, the statute authorizing "bad time", violates the constitutional doctrine of separation of powers. Thus, even though the trial court in this case did not inform Appellant of the potential for the imposition of "bad time", we cannot find prejudice since this particular sentence extension may no longer be imposed according to law.
Moving on to the issue of post-release control, it is true that this Court has joined other appellate districts by declaring R.C.2967.28, the statute authorizing post-release control, to be a violation of the separation of powers doctrine and the Due Process clauses of the United States and Ohio constitutions. See Pricev. Henry (Mar. 23, 2000), Logan App. No. 8-99-12, unreported. However, in Woods v. Telb (2000), 89 Ohio St.3d ___, the Supreme Court of Ohio recently found that R.C. 2967.28 neither violates the separation of powers doctrine nor the Due Process clauses of the state and federal constitutions. Therefore, since this particular sentence extension has been upheld as a valid component of Ohio's felony sentencing laws, we must decide whether the trial court's failure to inform Appellant of such a possibility prior to accepting the no contest plea constitutes reversible error.
In doing so, we reiterate the mandates contained in both Crim.R. 11 and R.C. 2943.032 . Moreover, we observe that inWoods, supra, the Ohio Supreme Court specifically held that "* * * a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Id. at ___.
In determining whether the trial court adhered to these requirements, this court applies a "substantial compliance" standard. State v. Pettry (Mar. 1, 2000), Hancock App. Nos. 5-99-44, 5-99-45, unreported, citing State v. Ballard (1981),66 Ohio St.2d 473, 423 N.E.2d 115. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106,108, 564 N.E.2d 474. In addition, "a defendant who challenges his * * * plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect." Nero, at 108, 564 N.E.2d 474.
In applying this standard to the case at bar, we find that although the trial court engaged in a lengthy discussion with Appellant in order to explain the effects of the no contest plea, i.e. that he was waiving his right to a jury trial, and that he could be subject to a maximum twelve month prison term, the court wholly failed to mention or explain the concept of post-release control. Nor does the record contain a written plea form or similar document upon which the possibility of post-release control is explained. Compare State v. Griffin (Jul. 24, 1998), Hamilton App. Nos. C-970507, C-970527, unreported, holding that a guilty plea was not invalidated by the court's failure to personally address the subject of administrative sentence extensions because the defendant executed two written documents setting forth such explanations.
In light of the record before us, we cannot find that, under the totality of the circumstances, Appellant knew and understood the implications of his no contest plea with respect to the possibility of post-release control and post-release control sanctions. Appellant's assignment of error is sustained insofar as it relates to this issue. Accordingly, the no contest plea is vacated, and the matter is remanded to the trial court for further proceedings.
 _______________________ WALTERS, J.
HADLEY, P.J., and BRYANT, J., concur.