DECISION AND JUDGMENT ENTRY
This is an appeal from the judgments of the Ottawa County Court of Common Pleas which, following a plea of guilty, sentenced appellant to a term of incarceration and imposed a fine. For the following reasons we affirm the sentences of the trial court.
On May 4, 2000,[1] after pleading guilty and being convicted of operating a motor vehicle while intoxicated ("OMVI"), with two or more prior convictions in six years, a violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree, appellant was sentenced in case number 99-CR-185 to a determinate term of one year in the Ottawa County Detention Facility, "if eligible." Appellant's jail sentence was ordered to be served concurrently with the sentence in case number 99-CR-078. Appellant also had his driving privileges permanently revoked and he was ordered to pay the costs of prosecution. Appellant was given one hundred eighty-three days credit for time served.
Also on May 4, 2000,[2] after pleading guilty and being convicted of an OMVI offense, with three or more prior convictions in six years, a violation of R.C. 4511.19(A)(1), a felony of the fourth degree, appellant was sentenced in case number 99-CR-078 to a term of eighteen months in the Ohio Bureau of Rehabilitations and Corrections, sixty days of which was mandatory. Appellant's jail sentence was ordered to be served concurrently with the sentence in case number 99-CR-185. Appellant was also fined "a mandatory fine of $2,000.00 and his operator's license [was] permanently revoked." The trial court also made the following orders: (1) appellant was granted one hundred eighty-three days credit for time served; (2) appellant was found to be ineligible for the shock incarceration program; and (3) appellant was ordered to pay "all costs of prosecution and any fees" permitted pursuant to R.C. 2929.18(A)(4).
The two cases were consolidated for purposes of appeal. On appeal, appellant raises the following assignments of error:
 "1. The trial court erred by accepting Defendant's Plea in Ottawa County Common Pleas Court case number 99-CR-078 as said plea was not knowing and voluntary because the trial court improperly explained the potential penalties to the Defendant as required by Criminal Rule 11.
 "2. The trial court erred by imposing a mandatory fine of Two Thousand Dollars ($2,000.00) in case number 99-CR-078 when the mandatory fine should have been Seven Hundred Fifty Dollars ($750.00)."
Specifically, appellant argues that his plea was involuntary because the trial court incorrectly informed appellant that it must give appellant a mandatory sixty days of local confinement, when, in fact, he was not eligible for local incarceration, and because the trial court failed to inform him that he was not eligible for probation or community control sanctions. Appellant also argues that the trial court's imposition of a fine was incorrect because the "mandatory" fine imposed by the trial court was in excess of the statute and because the trial court failed to consider appellant's ability to pay the fine.
 Assignment of Error No. 1
According to R.C. 4511.99(A)(4)(a), when an offender has been convicted of three or more OMVI violations within six years of the offense, the trial court "shall impose as part of the sentence a mandatory term of local incarceration of sixty consecutive days of imprisonment" in accordance with R.C. 2929.13(G)(1) or "a mandatory prison term of sixty consecutive days of imprisonment" in accordance with R.C. 2929.13(G)(2), whichever is applicable. R.C. 2929.13(G) states that if an offender is being sentenced for a fourth degree felony OMVI offense, the court shall impose a mandatory term of local incarceration or prison in accordance with the following. If the offender previously was sentenced to a mandatory term of local incarceration for a fourth degree felony OMVI offense, the court "shall impose upon the offender a mandatory prison term of sixty days." R.C. 2929.13(G)(2). "In no case shall an offender who once has been sentenced to a mandatory term of local incarceration pursuant to division (G)(1) of this section for a fourth degree felony OMVI offense be sentenced to another mandatory term of local incarceration under that division for a fourth degree felony OMVI offense."
On January 31, 2000, appellant entered a plea of guilty in case numbers 99-CR-078 and 99-CR-185. At his plea hearing, the trial court informed appellant of the following with respect to his possible sentence and fine for the fourth degree felony:
 THE COURT: "* * * And the penalties here are as follows: I could give you a prison term from six to eighteen months in the Ohio prison system, and a fine of not more than $5,000. There is a mandatory fine of $750."
 THE COURT: "Why does this say no more than $10,000 as to the fine?
 MR. BOLDT: "Your Honor, as a felony of the fourth degree in OMVI, they set the maximum fine at $10,000."
 THE COURT: "So the $5,000 is not applicable. The maximum fine would be $10,000. The minimum fine that I must impose would be $750, do you understand that?"
APPELLANT: "Yes, sir."
 THE COURT: "All right. I must give you a mandatory 60 days in local confinement. That means the County Detention facility, and I must require you to attend a drug and alcohol addiction program. * * *"
On May 4, 2000, prior to sentencing, appellant was given an opportunity to address the court. Appellant stated:
 APPELLANT: "* * * if you are going to sentence me to more time incarceration, I would like to do it in the State Penitentiary instead of this County Jail."
Additionally, prior to sentencing, the trial court noted that, in fact, appellant was not subject to the sixty day local incarceration rule because he had already been required to serve such a mandatory sentence. The trial court stated the following:
 THE COURT: "[Appellant] was previously imprisoned in the Bureau of Rehabilitation and Corrections for felony domestic violence and served the required mandatory local imprisonment when the Sandusky County Common Pleas Court found him guilty of his first felony DUI.
 "Now that probably was his 18th OMVI, and I can certainly sympathize with whichever judge handled the case, whether it was Judge Weaver or Judge Sargeant. I am sure they were itching to put you away for a long period of time, and thereby protect society, but the crazy way our OMVI law is written, they only had the option of a 60-day mandatory prison or local incarceration sentence, and that had to be served in a County Jail, not in a prison facility. * * *
 "* * * Case 78 does require at least a 60-day mandatory prison term. * * *
 "Now under the sentencing guidelines for felony OMVI's, if the offender has previously been sentenced to a mandatory term of local incarceration, which happened in Sandusky County, for a fourth degree OMVI felony offense then, and served — and actually served his 60 days, then in no case shall he again be sentenced to mandatory local incarceration, and shall be sentenced to a period of at least 60 days State incarceration for his second felony OMVI offense.
 "It is a fact that Mr. Hurst had previously been sentenced to the 60 days, and therefore, he is not eligible at this time to be sentenced to a community control sanction.
 "The Court is required today to at least give him 60 days in a State prison institution, but we intend to do far more for him."
According to appellant, the trial court failed to comply with Crim.R. 11(C)(2)(a), insofar as he was incorrectly informed that his mandatory sixty day jail sentence would be served locally, and because the trial court did not specifically state he was not entitled to community control sanctions. Crim.R. 11(C)(2)(a) states:
 "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
Although we agree that, at the time of his plea, appellant was incorrectly informed that he would be given sixty days of local incarceration, rather than a mandatory prison term, he was clearly informed of the maximum potential sentences which he faced. Moreover, even though the terms of the incarceration were unclear, appellant was informed that he would be receiving sixty days of actual incarceration. Local incarceration is still imprisonment, it is just served in a county facility, rather than a state facility.
Additionally, we find not well-taken appellant's argument concerning the trial court's alleged failure to inform appellant that he was ineligible for probation or community control sanctions. Where the defendant was not prejudiced by the trial court's failure to comply with Crim.R. 11(C), and where it appears from the record that the defendant appreciated the effect of his plea, the trial court has substantially complied with the requirements of Crim.R. 11(C)(2)(a):
 "Where the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim. R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable crime of rape without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim. R. 11. (State v. Stewart [1977], 51 Ohio St.2d 86, * * * followed.)" State v. Nero (1990), 56 Ohio St.3d 106, syllabus.
In this case, appellant was informed of the maximum potential sentences he faced and was told several times that he was facing an actual term of incarceration, which would clearly preclude him from being placed on probation or community control sanctions a the time of sentencing. Additionally, as evidenced by his statement to the trial court at sentencing, appellant obviously understood that he was receiving actual incarceration. Moreover, appellant fails to show any prejudice as a result of the trial court's failure to specifically inform him that he was ineligible for probation.
Accordingly, we find that the trial court substantially complied with Crim.R. 11(C)(2)(a). See Nero, supra. See also, State v. Knapp (1999), Portage App. No. 97-P-0060, unreported; and State v. Braxton (1998), Lucas App. No. L-98-1032, unreported. Appellant's first assignment of error is therefore found not well-taken.
 Assignment of Error No. 2
Appellant argues in his second assignment of error that the trial court erred in the amount of the mandatory fine appellant was given and failed to consider whether appellant was able to pay the fine.
Initially, we note that the trial court erroneously stated that appellant's "mandatory fine" in case number 99-CR-078 was $2,000. There is no basis for a $2,000 "mandatory fine."[3] The trial court, however, told appellant that he faced a fine of $750 to $10,000. As such, appellant was clearly informed of the limits of his potential fine. Insofar as these cases totaled appellant's nineteenth and twentieth OMVI offenses, we find that the trial court did not abuse its discretion in imposing a fine in excess of the minimum allowable.
With respect to appellant's ability to pay the fine imposed, we initially note that according to R.C. 2929.18(E), a hearing may be held if necessary, but is not required, to determine whether an offender is able to pay an imposed sanction or is likely in the future to be able to pay it. In this case, in arriving at its sentence, the trial court reviewed appellant's pre-sentence investigation report. The report stated, "Since [appellant] will have been incarcerated for some 183 days prior to this sentencing it is fair to conclude that he has no current income or present ability to pay a fine." However, the report also indicated that appellant had been self-employed as a sub-contractor carpenter for the previous twelve years. Accordingly, although appellant did not have a present ability to pay the fines imposed, there was evidence upon which the trial court could rely in determining that appellant may, in the future, be able to pay. Accordingly, we find appellant's second assignment of error not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Ottawa County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., George M. Glasser,J. CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] The court's judgment entry was journalized on May 15, 2000.
[2] The court's judgment entry was journalized on May 15, 2000.
[3] According to R.C. 4511.99(A)(8)(a)(iii), appellant faced a fine of not less than $800 nor more than $10,000.