THE STATE OF OHIO, APPELLANT, *v.* NERO, APPELLEE.

[Cite as State *v.* Nero (1990), 56 Ohio St. 3d 106.]

(No. 89-1675 — Submitted October 23, 1990—Decided December 19, 1990.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellant.

*Michael E. Murman,* for appellee.

H. BROWN, J. This case presents the issue of whether the trial judge substantially complied with Crim. R. 11(C)(2)(a) when he accepted a guilty plea for the nonprobationable crime of rape without informing the defendant that he was not eligible for probation. For the reasons which follow, we hold that there was substantial compliance and reverse the decision of the court of appeals.

Ohio Crim. R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review. *State v. Stone* (1975), 43 Ohio St. 2d 163, 167-168, 72 O.O. 2d 91, 94, 331 N.E. 2d 411, 414; *State v. Stewart* (1977), 51 Ohio St. 2d 86, 92-93, 5 O.O. 3d 52, 56, 364 N.E. 2d 1163, 1167; *State v. Scott* (1974), 40 Ohio App. 2d 139, 144, 69 O.O. 2d 152, 155, 318 N.E. 2d 416, 420. Crim. R. 11(C)(2) requires the trial judge to personally inform the defendant of the constitutional guarantees he waives by entering a guilty plea. The United States Supreme Court held in *Boykin v. Alabama* (1969), 395 U.S. 238, 242-243, that in order for a reviewing court to determine whether a guilty plea was voluntary, the United States Constitution requires the record to show that the defendant voluntarily and knowingly waived his constitutional rights. The court specified these rights as (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to trial by jury, and (3) the right to confront one's accusers. *Id.* at 243.

In addition to the constitutional duty to inform, Crim. R. 11(C) requires the trial judge to tell the defendant certain other matters before accepting a guilty plea. *State v. Johnson* (1988), 40 Ohio St. 3d 130, 132-133, 532 N.E. 2d 1295, 1297-1298, certiorari denied (1989), 489 U.S. ___, 103 L. Ed. 2d 940, 109 S. Ct. 1574. Specifically, Crim. R. 11(C)(2) requires:

"(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determin-

ing that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself."

While the record in the instant case indicates that the trial judge did inform Nero of the constitutional rights he was waiving by pleading guilty, it is undisputed that the judge did not inform Nero, as Crim. R. 11(C)(2)(a) requires, that Nero was ineligible for probation. Literal compliance with Crim. R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance. *Stewart, supra.*

Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. *Stewart, supra; State* v. *Carter* (1979), 60 Ohio St. 2d 34, 38, 14 O.O. 3d 199, 201, 396 N.E. 2d 757, 760, certiorari denied (1980), 445 U.S. 953. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. *Stewart, supra,* at 93, 5 O.O. 3d at 56, 364 N.E. 2d at 1167; Crim. R. 52(A). The test is whether the plea would have otherwise been made. *Id.*

Applying the *Stewart* rule to the facts in this case we find that there was substantial compliance with Crim. R. 11(C)(2)(a). As in *Stewart,* the record below supports the conclusion that Nero knew he was not eligible for probation. If so, he was not prejudiced by the trial court's failure to literally

adhere to Crim. R. 11. The following comments from the hearing are pertinent:

"[Defense Counsel:] Now, I did make several promises to the defendant, and I might as well tell you what they were. * * * I promised him that ultimately — *and, of course, he knows* — *that ultimately he is going to be incarcerated.* I indicated to him and did promise him that I would follow up the case, I would work with his family and make every attempt to present his case in the best possible light to the Adult Parole Authority.

"* * *

"* * * [H]e is here now, knowing what the alternative is, knowing what the ultimate outcome is going to be.

"The Defendant: Your Honor, just what Mr. Shaughnessy said, that *I would appreciate it if I could have some time to straighten out my affairs.*" (Emphasis added.)

These comments by defense counsel and the defendant indicate that Nero knew that he would not receive probation. Indeed, Nero spent nine years in prison before making the argument that he would not have pled guilty if he had known he could not receive probation.

In exchange for his plea of guilty to aggravated burglary, attempted aggravated burglary and rape, Nero avoided going to trial on additional charges of one count of robbery, three counts of rape, one count of possession of criminal tools, and one count of grand theft. The bargain, though no doubt beneficial to Nero, does not suggest that probation could have reasonably been anticipated by Nero.

We hold, therefore, that where the totality of the circumstances indicates that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to com-

ply with Crim. R. 11(C)(2)(a), the trial court's acceptance of the defendant's guilty plea to the nonprobationable crime of rape without personally advising the defendant that he was not eligible for probation constitutes substantial compliance with Crim. R. 11.

We reverse the decision of the court of appeals and reinstate defendant-appellee's conviction.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.