OPINION
Tina L. Ortense is appealing from the decision of the trial court overruling her motion to vacate her plea of no contest to a third offense charge of operating a motor vehicle while under the influence of alcohol or drugs.
Ortense had originally pled not guilty, but in open court during a hearing at the Kettering Municipal Court on October 28, 1998, she changed her plea to no contest. The court immediately found her guilty, and after a statement by her counsel, imposed a fine and a jail sentence of 365 days, and in addition, suspended her driver's license for five years, but suspended the bulk of the fine and all but thirty days of the jail sentence.
The day after the hearing, Ortense filed a motion to vacate her no contest plea, supported by an affidavit. The court overruled that motion on November 4, 1998, and Ortense filed a timely appeal from that decision.
On appeal, Ortense presents the following three assignments of error:
 I. THE TRIAL COURT ERRED IN NOT PERMITTING THE DEFENDANT/APPELLANT TO WITHDRAW HER PLEA OF NO CONTEST.
 II. THE TRIAL COURT ERRED IN NOT ALLOWING THE DEFENDANT/APPELLANT AN ORAL HEARING AS REQUESTED IN HER MOTION TO VACATE PLEA OF NO CONTEST.
 III. THE TRIAL COURT DID NOT PROPERLY ADVISE THE DEFENDANT/APPELLANT AS TO THE EFFECT AND VOLUNTARINESS OF HER PLEA PURSUANT TO CRIMINAL RULE 11(D).
We find that the third assignment of error is dispositive of this appeal. Crim.R. 11(D) provides that in misdemeanor cases involving serious offenses, the court "shall not accept" a guilty or no contest plea "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily."[1] In this case, the transcript of the plea hearing illustrates that the court made no attempt to comply with any provision of Crim.R. 11(D). The following is the relevant portion of the hearing transcript:
 It's the Court's further understanding there is to be a, a plea to the charge of a third offense DUI. Mr. Long?
 LONG [Defendant's counsel]: Your Honor at this time we'd like to change our plea to no contest to the charge.
COURT: And what is your plea ma'am?
ORTENSE: No contest.
 COURT: Thank you. Stipulate to the sufficiency of the complaint?
LONG: Yes sir.
COURT: Court will make a finding of guilty.
The State argues that rigid compliance with Crim.R. 11 is not required, and the court will not commit error if it simply substantially complies with the rule as long as the record reflects that the defendant entered a knowing and voluntary plea, citing State v. Nero (1990) 56 Ohio St.3d 106, 108. The State further argues that defendant here entered her plea of no contest as a result of a plea bargain, and that she is now simply trying to avoid her sentence by starting over again. The State may be correct, but it still does not overcome the fact that the record does not display any plea bargain nor any attempt to inform the defendant of the effect of her plea and determining that she made it voluntarily and not under some mistaken belief as to its possible effect. The Nero decision of the Ohio Supreme Court cited by the appellee presented a very different set of circumstances from the case before us. There, the Supreme Court found that the record supported the conclusion that the defendant knew he was not eligible for probation, which was the information the court did not personally advise the defendant on the record. Unlike Nero, the case before us does not present a record which would support a firm belief that the failure of the trial court to comply with the mandatory dictates of Crim.R. 11(D) could not possibly have been prejudicial to Ortense.
The third assignment of error is sustained. The first two assignments are thereby rendered moot.
The judgment is reversed, the sentence is vacated, and the case is remanded to the trial court for further proceedings, which shall include the opportunity for Ortense to enter a new plea, if she so desires.
GRADY, P.J. and FAIN, J., concur.
Copies mailed to:
F. Jay Newberry
Toby K. Henderson
Patrick A. Flanagan
Hon. Robert L. Moore
[1]No one contests that a third charge of driving under the influence is a serious offense. Crim.R. 2(C).