JOURNAL ENTRY AND OPINION
This is a delayed appeal through which Hiram Davis, Jr. seeks to withdraw his 1994 guilty plea entered before Judge Stewart A. Friedman. On June 1, 1994, Davis pleaded guilty to involuntary manslaughter in violation of R.C. 2903.04(A) and was sentenced to an indefinite prison term of five to twenty-five years. With the accrual of good conduct time, available under the statutory scheme then in effect, Davis could have been eligible for parole in less than five years; however, he seems to have been denied parole and remains in prison. He now claims that his plea was not knowing and voluntary because he was led to believe that he would be released from prison in less than five years. We do not agree and affirm.
Davis, originally charged with murder with a firearm specification, reached a plea agreement with the State in which he pled guilty to one count of involuntary manslaughter that contained a reference to the firearm, but did not contain a firearm specification. Under sentencing statutes then in place Davis was to be sentenced to an indefinite prison term with a maximum term of twenty-five years and a minimum term of five to ten years determined by the sentencing judge. Former R.C. 2929.11. The minimum term would set the earliest date at which Davis would be eligible for parole but he could be eligible for parole at an earlier date if he earned good conduct credit. Former R.C. 2967.19.
The State agreed to recommend the minimum sentence of five to twenty-five years, the judge accepted that recommendation and imposed the minimum sentence. At the July 7, 1994 sentencing hearing, the judge noted that Davis appeared confused about the nature of the sentence, and took steps to ensure that he had the proper understanding. The transcript reads as follows:
 THE DEFENDANT [Davis]: The plea bargain that I was offered was two and a half years, two and a half years with good time and it's flat time. This is what I was offered, without a gun and the specifications. Now, that's what I was looking here, that's what my parents was looking here.
* * *
 THE COURT: I will note here that there appears to be eleven days of jail time for which you would get credit and, as Mr. Williams [Davis' attorney] has pointed out, Mr. Davis, a — even the minimum sentence of five to twenty-five years will allow early release on parole if — at the discretion of the Parole Board with credit for good time and that I am not up on exactly how long it would be, but it would be significantly less than the five years, and I'm in no position to dispute that it would be somewhere between two and a half and three years.
 MR. WILLIAMS: That was what we had — I mean, I had talked to him off the record about that. I said I don't know, it could be anywhere, depending on the Parole Board. I mean, we don't know what's going to happen with that. So there have been no promises or guarantees as we had put on the record at the time of the plea, that the minimum sentence in this case is five to twenty-five and what the Parole Board does is strictly up to their discretion based on not only the record of this case but as well as his record once he enters the institution, so there's been no promises about two and a half, three. The only promise was that he would be — as reflected in the plea bargaining arrangement that he would receive the minimum sentence in this case which is five to twenty-five.
 THE COURT: Okay. Now, I would appreciate it, Mr. Williams, if you would talk briefly to your client and make sure because what I heard —
MR. WILLIAMS: Right.
 THE COURT: — you say makes me concerned — gives me some concern as to whether, Mr. Davis, whether you want to go forward or whether you want to vacate that plea.
THE DEFENDANT: I beg your pardon, sir?
 THE COURT: Why don't you talk to Mr. Williams for a moment as to whether it's still your desire to go forward with this.
(Thereupon, a discussion was had off the record.)
 MR. WILLIAMS: Your Honor, can we have a second, please?
THE COURT: Sure.
(Thereupon, a discussion was had off the record.)
THE COURT: Okay. Mr. Williams.
 MR. WILLIAMS: Yes, Judge. Thank you for your — the opportunity to discuss the matter with Mr. Davis and his family.
 For the record, Judge, I have been saying two and a half years. The records that I have and based on just averages it would be three and a half years, not two and a half, but Mr. Davis understands that.
THE COURT: Okay.
* * *
MR. WILLIAMS: Yes, your Honor. Thank you.
 Just for the record real quickly, there have been no guarantees about anything as far as time. He understands that the minimum time is five to twenty-five but that based on the records and the averages on the Parole Board that the — based on the minimum sentence of five years that the possibility of going to the parole board is approximately three and a half years, but there's been no promises or guarantees concerning that. Okay.
The judge allowed Davis to speak on his own behalf, and allowed a witness to speak on Davis' behalf in an effort to put testimony in the record for later use in a parole hearing, then imposed sentence and stated that I would expect the Parole Board will give you every consideration for release at the earliest possible date under the circumstances here.
Davis obtained permission to file a delayed appeal of his guilty plea.
His first assignment of error states:
 I. APPELLANT HIRAM DAVIS WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT THE TIME OF HIS ENTERING A GUILTY PLEA BY COUNSEL'S PROVIDING HIM INCORRECT INFORMATION CONCERNING THE POTENTIAL SENTENCE FOR THE INSTANT OFFENSE.
In order to prove ineffective assistance of counsel in a guilty plea proceeding, Davis must show that his attorney's conduct fell below an objective standard of reasonableness, and that he would not have pled guilty if his attorney had rendered adequate assistance. Hill v. Lockhart (1985), 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203. Davis can show neither on the record here.
Davis claims that his statement at the plea hearing shows his misunderstanding of the sentence to be imposed, and therefore shows that his attorney must have misinformed him concerning the sentence he faced, but the record shows that the judge recognized and addressed his perception of the sentence he faced. At two different points on the record Davis' early release is stated to be at the discretion of the parole board; at two other points his lawyer expressly states that no promises have been made to Davis concerning the length of his sentence. On the record, the court and Davis' attorney expressly state that the parole board controls whether Davis is released at any point prior to expiration of his twenty-five year maximum sentence. The judge even allowed the attorney to explain the sentencing to Davis and his family off the record.
We cannot conclude from this record that Davis' attorney misled or misinformed him concerning the sentencing procedures and the parole board's discretionary role in granting or denying early release. However, we do know from the record that Davis was notified that his minimum sentence marked only the point at which he would be eligible for parole, and that the parole board would then determine the date of his release. Nothing on the record here shows that his attorney's conduct fell so far below professional norms to be ineffective, nor does the record show that Davis' plea was affected. Our inquiry here does not reach Davis' off-the-record conversations with his attorney. The assignment of error is without merit.
The second assignment states:
 II. APPELLANT HIRAM DAVIS' GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE WHERE THE RECORD DEMONSTRATES THAT MR. DAVIS WAS [sic] MISUNDERSTOOD THE POTENTIAL SENTENCE FOR THE INSTANT OFFENSE.
Davis here contends that the totality of circumstances does not support a conclusion that he understood the effects of his plea and he correctly states that his plea must be measured by his subjective understanding as determined by the totality of the circumstances. State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474, 476. However, while Davis focuses on his initial statement concerning his expectation of early release, we focus instead upon the judge's conduct in addressing Davis' stated understanding.
Although ideally, the judge would have disabused Davis of his mistaken notions on the record rather than asking his attorney to do so off the record, we find that he nevertheless specifically addressed Davis' beliefs concerning sentencing. The parole board's discretion to control the length of Davis' sentence was discussed specifically and openly on the record and, while it would have helped to specifically question Davis to ensure he understood the clarification, the record also indicates that he had a high school diploma and some post-secondary education. The record certainly is clear enough to have raised questions with a person of Davis' intelligence and education.
Both Davis' attorney and the judge referred to the parole board's authority and discretion in determining the date of Davis' release and, although an attorney's statements do not substitute for a defendant's expression of understanding, such statements can be used to support the defendant's understanding under the totality of circumstances. State v. Ballard (1981), 66 Ohio St.2d 473, 481,423 N.E.2d 115, 120. Not only did the attorney state for the record that he discussed the issue with both Davis and his family, he also stated that Davis understood the parole board's role. On the record, and in front of Davis, his attorney specifically stated that he told Davis:
 I said I don't know, it could be anywhere, depending on the Parole Board. I mean, we don't know what's going to happen with that. So there have been no promises or guarantees as we had put on the record at the time of the plea, that the minimum sentence in this case is five to twenty-five and what the Parole Board does is strictly up to their discretion based on not only the record of this case but as well as his record once he enters the institution, so there's been no promises about two and a half, three.
Under these circumstances, Davis cannot sustain the claim he makes, which is that he believed he was pleading guilty to an absolute term of either two and one half or three and one half years. He was told specifically that the parole board had discretion to determine his release date, and the judge finally stated that he expected the parole board would give Davis every consideration for early release, further cementing the information imparted to Davis concerning the parole board's control over his sentence. While we understand that Davis might now be frustrated with the parole board's failure to release him as he hoped or expected, that issue cannot be resolved by claiming his guilty plea was involuntary. This assignment of error is overruled.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.