OPINION
Defendant-appellant Antoine Smith appeals his conviction and sentence from the Richland County Court of Common Pleas on one count of escape in violation of R.C. 2921.34(A)(1).
 STATEMENT OF THE FACTS AND CASE
On March 3, 1999, the Richland County Grand Jury indicted appellant on two counts of assault on a probation officer in violation of R.C.2903.13(A), felonies of the fifth degree, and one count of escape in violation of R.C. 2921.34(A)(1), a felony of the third degree. With respect to the charge of escape, the indictment alleged that appellant: "between the 24th day of December, 1998, and the 24th day of January, 1999, at the County of Richland, aforesaid, knowing he was under detention or being reckless in that regard, did purposely break or attempt to break the detention, aforesaid being under detention for his conviction of Corruption of a Minor, a felony of the fourth degree, in the Richland County Court of Common Pleas, Case No. 96-CR-599H, in violation of section 2921.34(A)(1) of the Ohio Revised Code, a felony of the third degree." At his arraignment on March 9, 1999, appellant entered a plea of not guilty to all of the charges. Subsequently, appellant, on April 20, 1999, withdrew his former plea and entered a plea of guilty to the charge of escape in violation of R.C. 2921.34 (A)(1). The two remaining counts of assault were dismissed at the request of the State. Thereafter, as memorialized in a Sentencing Entry filed on April 21, 1999, appellant was sentenced to two years in prison. It is from his conviction and sentence that appellant now prosecutes his appeal, raising the following assignment of error:
 APPELLANT'S GUILTY PLEA WAS NOT GIVEN VOLUNTARILY WHEN THE TRIAL COURT FAILED TO COMPLY WITH THE MANDATES OF CRIM. R. 11.
 I
Appellant, in his sole assignment of error, argues that his guilty plea was not given voluntarily since the trial court failed to comply with the requirements of Crim.R. 11. Crim.R. 11 states, in relevant part, as follows: (C) Pleas of guilty and no contest of felony cases * * * (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at trial at which the defendant cannot be compelled testify against himself or herself.
A trial court, to comply with Crim.R. 11(C), must ascertain whether the defendant fully comprehends the consequences of his guilty plea. While literal compliance with Crim.R. 11 is preferred, courts have held that a trial court's failure to literally comply with such rule does not require vacation of a defendant's guilty plea "if the reviewing court determines that there was substantial compliance." State v. Nero (1990),56 Ohio St.3d 106, 108. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. [State v.] Stewart, supra; State v. Carter (1979), 60 Ohio St.2d 34, 38, 14 O.O.3d 199, 201, 396 N.E.2d 757, 760, certiorari denied (1980), 445 U.S. 953,100 S.Ct. 1605, 63 L.Ed.2d 789. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Stewart, supra,51 Ohio St.2d at 93, 5 O.O.3d at 56, 364 N.E.2d at 1167; Crim.R. 52(A). The test is whether the plea would have otherwise been made. Id.
Id. While appellant argues that the trial court failed to comply with Crim R. 11 by failing to insure that appellant received notice of the nature of the escape charge, appellant has failed to demonstrate how he was prejudiced by such alleged failure. In order to demonstrate prejudice, appellant must show that, absent the trial court's non-compliance with Crim.R. 11, his guilty plea would not have been entered. Nero, supra. at 108. Appellant, in this matter, received the benefit of a favorable plea bargain. As is stated above, appellant was originally indicted on two counts of assault on a probation officer in violation of R.C. 2903.13(A), both felonies of the fifth degree, in addition to the escape charge. As part of the plea bargain in this matter, appellee agreed not only to dismiss the two counts of assault, but also to dismiss the parole violation charge in Case No. 96-CR-599H. While a violation of escape in violation of R.C. 2921.34(A)(1) is a third degree felony punishable by up to five years in prison, appellee recommended a prison sentence of two years in this case. Such recommendation was followed by the trial court. Since it is clear that appellant received the benefit of a favorable plea bargain, we fail to see how appellant was prejudiced by any alleged failure by the trial court to comply with Crim.R. 11. See State v. Hood (Dec. 16, 1999), Cuyahoga App. No. 75214, unreported. Appellant's sole assignment of error is, therefore, overruled.
Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Milligan, V.J. concur