DECISION
Appellant, Isiah L. Hunter, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adopting a magistrate's decision finding that appellant had violated the terms of his probation and imposing consecutive permanent commitments to the Ohio Department of Youth Services.
On November 15, 1999, an affidavit was filed alleging that appellant was a delinquent minor, having committed the offenses of receiving stolen property and unauthorized use of a motor vehicle. The matter was referred to a magistrate of the trial court, who conducted an adjudicatory hearing on December 16, 1999. At the hearing, appellant entered an admission to the charge of receiving stolen property, and the state dismissed the charge of unauthorized use of a motor vehicle. By decision filed on December 23, 1999, the magistrate found appellant to be a delinquent minor, having committed the offense of receiving stolen property. By judgment entry filed December 23, 2000, the trial court adopted the magistrate's decision.
On January 20, 2000, appellant appeared before a magistrate for disposition of the receiving stolen property charge. By decision filed January 27, 2000, the magistrate placed appellant on "intensive probation until January 20, 2001 or until successful completion of all conditions." On that same date, the trial court filed a judgment entry adopting the magistrate's decision.
On March 10, 2000, the magistrate held a hearing and subsequently issued a decision finding that appellant had violated a rule of his probation. The magistrate ordered that appellant be committed to the custody of the Ohio Department of Youth Services. The trial court adopted the decision of the magistrate by judgment entry filed March 16, 2000. Appellant subsequently filed separate appeals from the commitments imposed by the trial court in the judgments entered on March 16, 2000 and January 27, 2000.
By decision filed September 12, 2000, this court granted appellant's motion for leave to file a delayed appeal. On appeal, appellant raises the following single assignment of error for review:
 The trial court erred in accepting Appellant's admission in violation of Juv. R. 29 and due process guarantees under the state and federal Constitutions.
Under his single assignment of error, appellant contends that the trial court failed to determine whether appellant's December 16, 1999 admission was knowingly, voluntarily and intelligently entered. Appellant maintains that the court did not make a full inquiry into appellant's understanding of the offense and failed to fully advise him of matters required by Juv.R. 29.
At the outset, we address a waiver issue raised by appellee, state of Ohio. Specifically, the state argues that appellant failed to file an objection to the magistrate's decision following appellant's admission. A review of the record supports the state's contention that appellant filed no objections from the magistrate's decision.
Juv.R. 40(E)(3)(b) states in part that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." This court and other jurisdictions have consistently held that the "failure to file objections in compliance with the rule precludes [an appellant] from appealing the issues decided in the magistrate's decision." In the Matter of Young (Dec. 21, 1999), Franklin App. No. 99AP-489, unreported. See, also, In the Matter of Johnson (Dec. 12, 2000), Franklin App. No. 00AP-390, unreported (failure to file objections precludes the court from considering appellant's claim that the trial court erred in finding appellant to be a delinquent minor based upon an admission that did not comply with requirements of Juv.R. 29[D]);In the Matter of Adrian W. (Nov. 20, 1998), Lucas App. No. L-98-1102, unreported ("[p]ursuant to Juv.R. 40[E][3][b], a party may not assign as error on appeal the trial court's adoption of any of the magistrate's findings of fact or conclusions of law, unless that party has objected to such findings or conclusions, in writing, within fourteen days of the filing of the magistrate's decision").
Thus, in the absence of objections, "no assignment of error can be made," and "[w]e can review the case only as the trial court reviewed,i.e., whether the magistrate's decision is factually erroneous." In theMatter of Hunter (Nov. 14, 2000), Franklin App. Nos. 00AP-421, unreported. See, also, In re Walker (Sept. 16, 1999), Franklin App. No. 98AP-1548, unreported (where no objections are made, reviewing court's analysis is "limited to errors of law or other defects on the face of the magistrate's decision"). A review of the magistrate's decision in the instant case fails to show that it is factually erroneous.
Further, even assuming that appellant had filed objections to preserve his assignment of error, we would find no error by the trial court in affirming the magistrate's decision. Juv.R. 29(D) states in part:
 * * * The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing. * * *
In general, "Ohio courts have found Juv.R. 29(D) to be analogous to Crim.R. 11(C), which provides that the trial court in an adult criminal proceeding must personally address the defendant before accepting a guilty plea." In re: Shepard (Mar. 30, 1998), Butler App. No. CA97-06-119, unreported. It has been held that "[t]he applicable standard for the trial court's acceptance of an admission is substantial compliance with the provisions of Juv.R. 29(D)." Adrian W., supra. Further, "[s]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990),56 Ohio St.3d 106, 108.
In the instant case, a review of the transcript of the December 16, 1999 hearing reveals that the magistrate personally addressed appellant and explained the nature of the offense. The magistrate informed appellant that an admission of guilt would waive the right to challenge witnesses, to introduce evidence and to remain silent. The magistrate also explained to appellant the consequences of entering a plea, including the fact that he could be committed to the department of youth services for a minimum of six months or until the age of twenty-one. The magistrate asked appellant if he had any questions about either the waiver of trial rights or the potential disposition, and then asked appellant if he wished to enter an admission. Based upon the totality of the circumstances, the record in this case indicates that the magistrate substantially complied with the requirements of Juv.R. 29(D). Accordingly, even assuming the issue to be properly before us, we would find no merit to appellant's contention that his admission was in contravention of due process and the applicable rules.
Based upon the foregoing, appellant's single assignment of error is overruled and the judgment of the trial court is hereby affirmed.
BRYANT, P.J., and LAZARUS, J., concur.
 _____________ DESHLER, J.