Two things are readily apparent in this matter. When the trial court went into session on a "Hearing on Motion to Appoint New Counsel and Motion to Withdraw Plea filed Pro Se," the defendant was not in the courtroom as he had requested. Yet the assistant prosecuting attorney was, in fact, present. Under no circumstances can those two facts, standing alone, constitute anything other than an ex parte hearing. Such a situation is absolutely unacceptable and a repeat performance by the trial judge and the prosecuting attorney's office can only have the effect of undermining the public's confidence in the judicial system in Portage County. An ex parte hearing which is attended by the prosecuting attorney's office is never permitted in a criminal matter. Period. Crim.R. 11 is a safeguard for the courts and defendants alike. It provides this court with a record of a sentencing hearing so that we can, in fact, conduct a meaningful review. It does not require perfect performance by a trial judge. But it does require substantial compliance.
Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. State v.Carter (1979), 60 Ohio St.2d 34, 38. Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. State v. Stewart (1977), 51 Ohio St.2d 86,93. The test is whether the plea would have otherwise been made. There was not substantial compliance with Crim.R. 11 in this matter. If an offense is non-probationable, the court must inform the defendant of that fact. To do otherwise would be to ignore the mandates of the Constitution and the Rules of Criminal Procedure. Those safeguards are in place for everyone — even bad guys.
Secondly, the record in this matter is clear and convincing that the trial court judge did, in fact, fail to advise this defendant of the consequences of his allegedly voluntary guilty plea. This was a non-probationable offense. Every lawyer in the room had to have known that fact. Why, therefore, was the defendant not informed of that fact? There simply cannot be a voluntary plea to a non-probationable offense when the defendant is directly informed by the trial court that "if you are imprisoned" certain changes are going to come into his life.
The majority relies on the reasoning found in State v.Nero (1990), 56 Ohio St.3d 106, for the proposition that even when there is a constitutional violation by the trial court in accepting a guilty plea, the remedy is to review the totality of the circumstances to determine whether or not the defendant understood the magnitude of the decision he was making.
The majority suggests that the requirements enunciated by the Supreme Court in Nero have been met. However, I would suggest that the instant matter is the exact opposite fact pattern. In Nero, supra, it was abundantly clear that the defendant was going to jail that very day. It would be impossible to misunderstand in these circumstances:
 "DEFENSE COUNSEL: Now, I did make several promises to the defendant, and I might as well tell you what they were. * * * I promised him that ultimately and, of course, he knows that ultimately he is going to be incarcerated. I indicated to him and did promise him that I would follow up the case, I would work with his family and make every attempt to present his case in the best possible light to the Adult Parole Authority.
" * * *
 "DEFENDANT: Your Honor, just what Mr. Shaughnessy said, that I would appreciate it if I could have some time to straighten out my affairs." Nero at 108. There can be no question that the defendant in Nero knew that he was going to jail at the conclusion of his sentencing hearing. Compare that to the dialogue in the present case, and the difference is obvious:
 "THE COURT: Now, do you understand the Court will refer this matter for sentencing investigation, and the Court could determine you should be imprisoned under this?
"DEFENDANT: Yes, sir.
"THE COURT: You understand that?
"DEFENDANT: Yes, sir.
 "THE COURT: And do you understand that if you're imprisoned, then the prison authorities could have control over you for a period of three years after your release?
 "DEFENDANT: Yes, your honor." Justice has not been served in this matter. The defendant, at a minimum, is entitled to be present at a hearing on this most serious proceeding.
 ____________________________________ PRESIDING JUDGE WILLIAM M. O'NEILL