DECISION AND JUDGMENT ENTRY
{¶ 1} This an appeal from the Lucas County Court of Common Pleas, which sentenced appellant to a term of incarceration of three years. Appellant was indicted on one count of burglary pursuant to R.C. 2911.12(A)(2), a felony of the second degree. On September 12, 2003, the trial court held a plea hearing, at which he entered a plea of guilty, pursuant to North Carolina v.Alford (1970), 400 U.S. 25, to the offense of attempt to commit burglary, R.C. 2923.02, R.C. 2911.12(A)(2), a felony of the third degree. A presentence investigation report was filed. On October 8, 2003, a sentencing hearing was held pursuant to R.C. 2929.19. From that judgment of conviction, appellant now brings the following assignment of error.
 {¶ 2} "I. The Appellant's plea of guilty was not made knowingly and voluntarily because the trial court committed prejudicial error by failing to personally inform appellant of the correct penalties that could be judicially imposed upon him pursuant to R.C. 2929.141."
 {¶ 3} Appellant asserts that the trial court failed to conduct a proper colloquy with him at the plea hearing. Specifically, appellant alleges that trial court failed to comply with Crim.R. 11(C)(2)(a). Crim.R. 11(C)(2) governs the acceptance of guilty pleas and states in relevant part:
 {¶ 4} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 5} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a).
 {¶ 6} Attempt to commit burglary carries a maximum possible penalty of five years incarceration and no mandatory term of incarceration. R.C. 2923.02, R.C. 2911.12(A)(2). During the plea hearing, appellant signed a written plea which correctly stated the maximum and minimum possible sentences. Appellant now argues that because the trial court did not "personally" advise him as to the maximum penalty, it "confused [him] by providing him with conflicting information."
 {¶ 7} Appellant's argument is not supported by the record. At the plea hearing, the trial court held a lengthy and complete colloquy during which the judge personally advised appellant as follows:
 {¶ 8} "The Court: Do you understand that [attempt to commit burglary] carried a possible penalty of anywhere between one year up to a maximum of five years in a state institution, do you understand that?
 {¶ 9} "Mr. Myers: Yes.
 {¶ 10} "The Court: And do you understand it also carries a discretionary fine of up to ten thousand dollars, do you understand that?
 {¶ 11} "Mr. Myers: Yes."
 {¶ 12} Appellant further asserts that the trial court was required to personally inform him that he faced serving the balance of any time in post-release control if he committed a new felony while on post-release control. R.C. 2929.141. He argues that the trial court's failure to do so rendered his guilty plea involuntary. During the colloquy, the trial court further advised appellant:
 {¶ 13} "The Court: Do you also understand that if at any time you are sentenced to a state institution you may be subject to three years of post-release control. Post-release control is something that we used to refer to as parole. If at any time you are granted post-release control and you commit any additional crimes once released on post-release control, the parole authority could take you back into the institution and increase your sentence in increments up to a maximum of 50 percent of whatever my sentence would be or one year, whichever is greater, do you understand that?
 {¶ 14} "Mr. Myers: Yes."
 {¶ 15} The trial court correctly told appellant of his possible consequences in post-release control pursuant to R.C.2929.141. Thus, appellant premises his argument on factual assertions which the record contradicts.
 {¶ 16} Both appellant and appellee make much of whether the substantial compliance rule applies to Crim.R. 11(C). Ohio law is clear that reviewing courts need only determine whether there has been substantial compliance with Crim.R. 11(C). "Literal compliance with Crim.R. 11 is certainly the preferred practice, but the fact that the trial judge did not do so does not require vacation of the defendant's guilty plea if the reviewing court determines that there was substantial compliance." State v.Nero (1990), 56 Ohio St.3d 106, 108. Substantial compliance is determined by considering the totality of the circumstances. Id. Upon review of the entire record, the trial court's colloquy with appellant substantially complied with Crim.R. 11(C)(2)(a).
 {¶ 17} Upon consideration whereof, the judgment of conviction and sentence of the Lucas County Court of Common Pleas is hereby affirmed. Costs assessed to appellant pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., concur.