OPINION
{¶ 1} Appellant, T.K.W., appeals from the judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adjudicating him to *Page 2 
be a delinquent child and committing him to the Ohio Department of Youth Services ("ODYS") for institutionalization.
 {¶ 2} On June 26, 2006, a complaint was filed in case No. 06JU-10149, alleging that appellant was a delinquent child for having committed acts that, if committed by an adult, would constitute the offenses of aggravated robbery, in violation of R.C. 2911.01(A)(1), and robbery, in violation of R.C. 2911.02(A)(1). Also on that date, a complaint was filed in case No. 06JU-10178, alleging that appellant was a delinquent child for having committed acts that, if committed by an adult, would constitute the offense of robbery, in violation of R.C. 2911.02(A)(1).
 {¶ 3} The cases came for hearing before a magistrate of the trial court on July 20, 2006, at which time the assistant prosecuting attorney informed the magistrate that appellant intended to enter an admission to the charges alleging robbery, and that the prosecution would move to dismiss the charge of aggravated robbery. The magistrate issued entries on July 21, 2006, finding appellant to be a delinquent child, having committed the offenses of robbery. Following a dispositional hearing on August 1, 2006, the magistrate issued decisions committing appellant to the custody of ODYS for an indefinite term, including a minimum period of one year. By judgment entries filed on August 8, 2006, the trial court adopted the decisions of the magistrate.
 {¶ 4} On appeal, appellant sets forth the following assignment of error for this court's review:
 The trial court committed plain error by accepting an admission from Appellant that was not knowing, intelligent and voluntary because Appellant was not advised of his right to compulsory process. *Page 3 
 {¶ 5} Under his single assignment of error, appellant contends that the magistrate, at the hearing in which appellant entered an admission to the charges, failed to advise him of his right to compulsory process of witnesses; appellant maintains that the magistrate's failure to so advise him precluded the trial court, under Juv.R. 29(D), from accepting his admission.
 {¶ 6} We initially note that the State of Ohio, appellee, argues appellant failed to file objections to the magistrate's decision. Upon review of the record, we agree with the state's contention. Juv.R. 40(D)(3)(b)(iv) states in relevant part: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b)."
 {¶ 7} During the July 20, 2006 hearing, the magistrate addressed appellant, stating in part:
 And * * * I need to make sure that you do understand that if you admit today, you'd waive your right to have a trial. If there were a trial, the witnesses would testify and you'd be able to have questions asked of them, if you have witnesses for your part of the case, you could present those [witnesses] and you'd have the right to remain silent, you wouldn't have to be a witness at the trial, but you could choose to be if you wanted. If you admit, then there is no trial. The things that can happen off of these cases include probation orders, orders could be made about your custody or placement or where you live, you could be fined or ordered to pay for any damages caused; certainly on felonies, the worst that can happen is a commitment to the Department of Youth Services. * * *
(Tr. July 20, 2006, at 2-3.)
 {¶ 8} Appellant argues that the magistrate's advisement that he could present witnesses is not the same as informing him of the right to compel the presence of *Page 4 
witnesses. Appellant contends that the magistrate's failure to meaningfully advise him of his right to compulsory process renders his admission void. We disagree.
 {¶ 9} Juv.R. 29(D) states in relevant part:
 (D) Initial procedure upon entry of an admission. The court may refuse to accept an admission and shall not accept an admission without addressing the party personally and determining both of the following:
 (1) The party is making the admission voluntarily with understanding of the nature of the allegations and the consequences of the admission;
 (2) The party understands that by entering an admission the party is waiving the right to challenge the witnesses and evidence against the party, to remain silent, and to introduce evidence at the adjudicatory hearing.
 {¶ 10} In general, the applicable standard for a trial court's acceptance of an admission under Juv.R. 29(D) is "substantial compliance" with those provisions. In the Matter of: Hunter (Mar. 6, 2001), Franklin App. No. 00AP-507. Furthermore, "`substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.'" Id., citing State v. Nero (1990), 56 Ohio St.3d 106, 108.
 {¶ 11} This court has previously addressed the issue raised by appellant. In In the Matter of: Spann (June 3, 1999), Franklin App. No. 98AP-839, the appellant argued that his admission was invalid because the trial court failed to expressly advise him of his constitutional right to compulsory process, "i.e., that he had a right to subpoena witnesses and to compel their attendance at trial." In Spann, supra, this court rejected the appellant's contention, holding in part:
 By its express language, Juv.R. 29(D)(2) requires only that juvenile defendants be advised of their right to "challenge the *Page 5 
witnesses and evidence against [them], to remain silent, and to introduce evidence at the adjudicatory hearing." There is no requirement that a court specifically advise juvenile defendants either of their right to subpoena witnesses and to compel their attendance at trial or that they cannot be compelled to testify against themselves at trial.
See, also, In re Hairston (Aug. 15, 1996), Franklin App. No. 96APF02-123 (court substantially complied with requirements of Juv.R. 29 where magistrate advised appellant there would be "no trial, no right to remain silent, no right to question witnesses, no appeal"); In theMatter of: Johnson (Dec. 12, 2000), Franklin App. No. 00AP-390.
 {¶ 12} In the present case, the record indicates that the juvenile court substantially complied with the requirements of Juv.R. 29(D) by informing appellant of the consequences of his plea, and advising him that he was giving up the opportunity to question witnesses, to remain silent, and to call his own witnesses. Contrary to appellant's contention, his admission was not rendered void by the magistrate's failure to specifically inform him of the right to subpoena witnesses.Spann, supra. In light of the foregoing, appellant has failed to demonstrate plain error in this case.
 {¶ 13} Accordingly, appellant's single assignment of error is overruled, and the judgments of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, are hereby affirmed.
Judgments affirmed.
 PETREE and TYACK, JJ., concur. *Page 1