OPINION
{¶ 1} Jesus M. Silva ("Silva") is contesting the legality of his guilty plea to two counts of trafficking in cocaine and one count of engaging in a pattern of corrupt activity. Each of the charges is a felony of the first degree, punishable by a prison term of up to ten years of incarceration.
 {¶ 2} Silva filed his own appellate brief in which he sets forth the following assignment of error: *Page 2 
 A guilty plea must be reversed if under the totality of the circumstances the defendant did not subjectively understand the implications of his plea and the waiving of his rights.
 {¶ 3} Subsequently, legal counsel filed a supplemental brief on behalf of Silva and submitted the following assignment of error in addition:
 The trial court failed to substantially comply with the requirements of Criminal Rule 11 by not informing appellant that his sentences would be mandatory.
 {¶ 4} Silva was born in Sonora, Mexico in 1958. According to a sentencing memorandum filed on his behalf, he became a resident of the United States in 1979. He had been a resident of this country for approximately 28 years when he entered his guilty pleas. He was offered the opportunity to talk to a representative of the Mexican government at the time his guilty pleas were entered.
 {¶ 5} When asked during the plea proceedings if he was able to read, write and understand the English language, he responded: "I understand. I can read, but not 100 percent." (Tr. at 9.) The judge who accepted the pleas offered to review anything Silva did not understand or any words which were unfamiliar.
 {¶ 6} Prior to this part of the colloquy between Silva and the judge, the assistant prosecuting attorney handling the case stated in open court that each count carried a maximum of ten years in prison and the two trafficking charges each carried a mandatory period of incarceration of three-to-ten years.
 {¶ 7} The plea form signed by Silva and by his retained counsel included provisions which indicated that each of the trafficking charges included a mandatory prison terms of three-to-ten years. *Page 3 
 {¶ 8} The trial judge who conducted the plea proceedings did not independently repeat the statements. However, given the statement in open court that two of the sentences were mandatory and the content of the written guilty plea form, we have no basis for finding that Silva was unaware that the sentences involved mandatory incarceration of three-to-ten years for each of the trafficking offenses.
 {¶ 9} The trial judge who conducted the pleas carefully complied with the remaining requirements of Crim. R. 11.
 {¶ 10} The Supreme Court of Ohio requires only substantial compliance with Crim. R. 11(C)(2). See State v. Nero (1990), 56 Ohio St.3d 106. The trial judge immediately after addressing the maximum penalties asked Silva if he had any questions for the judge. Silva replied, "No, your Honor." (Tr. at 13.)
 {¶ 11} Next the trial judge offered Silva the opportunity to talk to his lawyer, after which the judge asked: "Do you have any questions at all?" Silva replied again, "No, your Honor." (Tr. at 14.)
 {¶ 12} Before the colloquy between Silva and the trial judge, an investigating narcotics agent had given an extended narrative about the criminal investigation of the cocaine trafficking in which Silva was involved. The investigation revealed the seizure of $1,000,000 in cash and 25 kilograms of cocaine. Under the circumstances, Silva could not conceivably have believed that he would receive community control or incarceration at a community based correctional facility. The pleas entered capped that sentence at 30 years. The prosecuting attorney's office argued for a sentence of 25 years. The trial judge eventually handed down a sentence of 20 years of incarceration. *Page 4 
 {¶ 13} Given the realities of the courtroom when the guilty pleas were entered, we cannot say the trial judge failed to substantially comply with Crim. R. 11. The better course of conduct is for a judge to clearly ask a criminal defendant if he or she understands that the sentences are mandatory. However, the Supreme Court of Ohio does not require perfect compliance or even best practices, but only substantial compliance. Substantial compliance occurred here.
 {¶ 14} The assignment of error presented by Silva and the supplemental assignment of error presented by his counsel are overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BROWN and McGRATH, JJ., concur. *Page 1