[Cite as *State v. Chessman*, 2015-Ohio-5294.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 26613 |
| Plaintiff-Appellee | : | 26614 |
| | : | |
| v. | : | Trial Court Case Nos. 14-CR-4424 |
| | : | 15-CR-8 |
| MICHAEL CHESSMAN | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 18th day of December, 2015.

. . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

SEAN BRINKMAN, Atty. Reg. No. 0088253, Durden Law, LPA, LLC, 10 West Monument Avenue, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Michael Chessman appeals from his convictions and

sentences for Forgery (without authority), a felony of the fifth degree; Theft, a felony of the fifth degree; and Forgery (uttering), a felony of the fifth degree, in Case No. 2014-CR-4224. Chessman was also convicted of Failure to Notify, a felony of the third degree, in Case No. 2015-CR-008. The two cases were consolidated for this appeal.

{¶ 2} Chessman contends that his plea of guilty was not knowingly, intelligently and voluntarily given because Chessman did not verbally acknowledge that he understood his right to confrontation. The State argues that the record does reflect that Chessman verbally agreed that he understood his rights and agreed to waive them. We conclude that the record, as modified under App.R. 9, demonstrates that Chessman knowingly, intelligently and voluntarily waived his constitutional rights, including his right to confront the witnesses against him, before entering his guilty plea. Accordingly, the judgment of the trial court is affirmed.

## I. The Course of Proceedings

{¶ 3} Chessman waived his right to an indictment and was charged by a Bill of Information. Chessman was charged with one count of Forgery (without authority), a felony of the fifth degree, in violation of R.C. 2913.31(A)(1); one count of Theft, a felony of the fifth degree, in violation of R.C. 2913.71; and Forgery (uttering), a felony of the fifth degree, in violation of R.C. 2913.31(A)(3), in Case No. 2014-CR-4224. Chessman was also charged with one count of Failure to Notify, a felony of the third degree, in violation of R.C. 2950.05(A) and (F)(1). Chessman waived his right to possess the charging document for more than 24 hours prior to a plea hearing. Chessman entered a plea of guilty to all four counts, and was sentenced to serve a 12-month term of incarceration for

each count, with all terms to be served concurrently.

{¶ 4} The original transcript of the plea hearing submitted with the appellate record contained the following colloquy between the trial court and Chessman:

THE COURT: Do you understand you have the right to confront here in open court the witnesses who are against you and have them cross examined by your attorney while they are under oath?

THE DEFENDANT: (No audible response).

Plea and Sentencing Transcript, pgs. 10-11.

{¶ 5} The State moved the trial court, under App.R. 9, to review the recording of the plea hearing and to correct the record with Chessman's actual response. The State sought and received our permission to supplement the appellate record with that motion and the trial court's ruling correcting the record. By decision and entry, the trial court ordered that upon its review of the video and audio recording of the plea hearing, the transcript should be amended to reflect that the defendant did verbally respond to the above-quoted question by answering, "Yes". Dkt. #8. Based on the trial court's order, the record was supplemented to reflect that Chessman did waive his right to confrontation at the plea hearing.

## II. Standard of Review

{¶ 6} "An appellate court must determine whether the record affirmatively demonstrates that a defendant's plea was made knowingly, intelligently, and voluntarily." *State v. Carter*, 2d Dist. Clark No. 2013-CA-115, 2014-Ohio-4856, ¶ 4. Our review of an alleged error in the trial court's acceptance of a guilty plea is focused on whether, before

accepting the plea, the trial court substantially complied with the procedure set forth in Crim.R. 11(C)(2)(a) and (b). *State v. Nawman*, 2d Dist. Clark No. 2014-CA-6, 2015-Ohio-447, ¶ 29, citing, *State v. Nero,* 56 Ohio St. 3d 106, 108, 564 N.E. 2d 474 (1990). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Id.* Additionally, the record must demonstrate that the trial court strictly complied with the requirements of Crim.R. 11(C)(2)(c), as they pertain to the waiver of federal constitutional rights*. State v. Arnold*, 2d Dist. Clark Nos. 2014-CA-23, 2014-CA-24, 2014-CA-25, 2014-CA-26, 2015-Ohio-1580, ¶ 11, citing *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31*.*

### III. Chessman's Plea Was Made Knowingly, Intelligently, and Voluntarily

{¶ 7}  For his sole assignment of error, Chessman alleges as follows:

THE TRIAL COURT ERRED BY FAILING TO DETERMINE APPELLANT UNDERSTOOD HIS RIGHT TO CONFRONTATION

{¶ 8} Chessman argues that his plea was not knowingly, intelligently and voluntarily given, because he did not respond when asked by the trial court if he understood his right to confrontation. The State relies on the supplemental record, which reflects that Chessman verbally agreed that he understood his right to confront and cross-examine witnesses and that he agreed to waive that right.

{¶ 9}  The supplemental record affirmatively demonstrates that Chessman was properly advised of his constitutional confrontation rights. Our review of the entire hearing confirms that Chessman responded verbally that he understood his rights and agreed to

waive his rights. The trial court strictly complied with the mandates of Crim. R. 11(C)(2)(c), and therefore did not err in accepting Chessman's plea. We conclude that Chessman's plea was made knowingly, intelligently, and voluntarily. Chessman's sole assignment of error is overruled.

## IV. Conclusion

{¶ 10}   Chessman's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Mathias H. Heck
Michele D. Phipps
Sean Brinkman
Hon. Timothy N. O'Connell