[Cite as *State v. Nason*, 2024-Ohio-5624.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-23-1306

        Appellee                              Trial Court No. CR0202302153

v.

Kendrid Nason                               **DECISION AND JUDGMENT**

        Appellant                             Decided: November 27, 2024

* * * * *

Julia Bates, Lucas County Prosecuting Attorney, and
Lorrie J. Rendle, Assistant Prosecuting Attorney, for appellee.

John Thebes, for appellant.

* * * * *

**ZMUDA, J.**

### I. Introduction

{¶ 1} This matter is before the court on appeal from the Lucas County Court of

Common Pleas judgment of November 30, 2023, sentencing appellant, Kendrid Nason, to

an aggregate prison term of 6 to 8 ½ years, following his no contest plea to two of three counts in the indictment. Finding no error, we affirm.

## II. Facts and Procedural History

{¶ 2} On March 21, 2023, appellant accessed the phone of his live-in girlfriend, C.D., and became angry when he noticed another man sent her text messages. Appellant spent the next two hours punching, kicking, and choking C.D., using force and threats to prevent her from leaving. At one point, C.D. lost consciousness and urinated herself. As a result of the beating, C.D. sustained injuries that included bruising to her arms, legs, and torso, fractured ribs, a lacerated liver, and an acute kidney injury. C.D. spent six days in the hospital and several months in recovery, healing from the attack. Police interviewed C.D. at the hospital on March 21, 2023, and filed a criminal complaint that same day.

{¶ 3} On April 3, 2023, the state filed an indictment, charging appellant with one count of felonious assault in violation of R.C. 2903.11(A)(1) and (D) in Lucas County Common Pleas case No. CR 202301489. Appellant was arraigned and entered a plea of not guilty.

{¶ 4} After additional investigation, on July 31, 2023, the state filed a superseding indictment in case No. CR 202302153, charging appellant with Count 1: felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree; Count 2: abduction in violation of R.C. 2905.02(A)(2) and (C), a felony of the third degree; and Count 3: kidnapping in violation of R.C. 2905.01(A)(3) and (C), a felony of the first degree. Appellant was arraigned upon reindictment, and again entered a plea of not guilty.

2.

**{¶ 5}** On November 6, 2023, appellant entered a plea of no contest to Counts 1 and 2, with the state's agreement to dismiss Count 3 at sentencing. The trial court entered a dismissal of case No. CR 202301489.

**{¶ 6}** The trial court conducted a complete Crim.R. 11 colloquy at the plea hearing, and appellant acknowledged each constitutional right he waived by entering his plea. The trial court informed appellant of the maximum prison term and penalties he faced by entering his plea, and throughout the colloquy, the trial court inquired of appellant whether he understood and wished to proceed. At one point, the trial court noted appellant's demeanor, calling attention to appellant's pause before responding in the following exchange:

> THE COURT: All right. Do you have any questions about anything I just went over?
> THE DEFENDANT: No, sir.
> THE COURT: Do you now freely and voluntarily give up these rights and do you feel it is in your best interest to enter this plea?
> THE DEFENDANT: Yes, sir.
> THE COURT: I understand the pause there. You may not like it, but that question was very well articulated. You feel it is in your best interest to enter this plea?
> THE DEFENDANT: Yes.
> THE COURT: Like I said, I understand. Mr. [prosecutor], if you could, the facts for Count 1 and 2.

**{¶ 7}** The prosecutor then recited the facts that would have been proven at trial as to Counts 1 and 2, and appellant raised no objection to these facts and did not waver in his intent to enter the plea. Instead, the record of the plea hearing demonstrated that appellant responded to every query by the trial court, each time communicating his

3.

understanding and indicating his waiver of rights and intent to enter the plea was knowing, intelligent, and voluntary.

{¶ 8} The trial court accepted appellant's plea, found him guilty, and continued the matter until November 29, 2023, for a sentencing hearing.

{¶ 9} On November 28, 2023, appellant filed a sentencing memorandum, through his trial counsel. Within his sentencing memorandum, appellant acknowledged the facts underlying the charges against him, and indicated he took "responsibility for his actions and will be accepting of the consequences." Appellant presented additional facts, including he discovered C.D.'s plan for a girls' trip was a cover to spend time with her male co-worker, and he lost his temper over the perceived betrayal by his long-term girlfriend. Appellant acknowledged the seriousness of the injuries sustained by C.D., but argued he turned himself in to police, his own mental health issues contributed to the offenses, and he has sought help and remained compliant with terms of the protection order and terms of his bond, awaiting disposition of the case. Appellant expressed his remorse for his conduct and requested a non-prison sanction as sentence.

{¶ 10} At the sentencing hearing on November 29, appellant's trial counsel reiterated appellant's acknowledgment of his conduct, his remorse, his mental health treatment, and his request for a non-prison sanction as sentence. Appellant provided his own statement to the trial court, apologizing to C.D. and to his family for "letting them down" through his conduct. At sentencing, appellant embraced his culpability, with no regrets articulated regarding his decision to enter the plea.

4.

{¶ 11} The trial court considered the record, the victim's statement, the presentence investigation report, and appellant's sentencing memorandum and statements in mitigation at the sentencing hearing. The trial court imposed an indefinite sentence of 5 to 7 ½ years as to Count 1, felonious assault in violation of R.C. 2903.11(A)(1) and (D), a felony of the second degree, and a sentence of 12 months as to Count 2: abduction in violation of R.C. 2905.02(A)(2) and (C), a felony of the third degree. After making the statutory findings under R.C. 2929.14, the trial court ordered the sentences to be served consecutively, for an aggregate prison sentence of 6 to 8 ½ years. The trial court dismissed Count 3 in the indictment at sentencing.

{¶ 12} Appellant filed a timely appeal.

### III. Assignment of Error

{¶ 13} In challenging the judgment on appeal, appellant raises a single assignment of error:

> Appellant's change of plea was not given to the trial court in a knowingly, intelligently, and voluntarily manner in violation of Ohio Criminal Rule 11, the United States Constitution and Ohio Constitution.

### IV. Analysis

{¶ 14} In his sole assignment of error, appellant challenges the validity of his plea of no contest, arguing the trial court's notice of a pause, when asked whether appellant believed the plea was in his best interest, demonstrated the plea was not knowing, intelligent, or voluntary. Appellant does not otherwise argue that the trial court failed to

5.

explain any of his constitutional rights or failed to fully cover other "nonconstitutional" aspects of the plea colloquy.

{¶ 15} "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler,* 2020-Ohio-2765, ¶ 10, citing *Parke v. Raley,* 506 U.S. 20, 28-29 (1992) (additional citations omitted.). The procedures for accepting pleas are set forth at Crim.R. 11, requiring a trial court to personally address a defendant entering the plea to ensure an adequate record for review to determine whether explanation was provided regarding the rights and the consequences of the plea and to determine whether the plea was made knowingly, intelligently, and voluntarily. *Id.* at ¶ 11.

{¶ 16} Where, as in this case, no challenge is raised to the trial court's explanation of rights pursuant to Crim.R. 11(C), "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Dangler* at ¶ 16, citing *State v. Nero,* 56 Ohio St.3d 106, 108 (1990). In reviewing the plea, our inquiry is straightforward: "(1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? And (3) if a show of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

{¶ 17} Appellant argues indecision throughout the plea colloquy based on a single notice by the trial court of appellant's pause after inquiry by the trial court whether

6.

appellant freely and voluntarily relinquished the rights just addressed *and* whether appellant believed the plea was in his best interest. Appellant argues that the trial court should have continued the matter to ensure appellant believed a no contest plea "was really in his best interest." Appellant cites to nothing in the record, however, demonstrating indecision permeated the proceedings, let alone that the pause signaled indecision as opposed to consideration of the trial court's compound question. Significantly, appellant makes no argument that, in the absence of the trial court's failure to more fully address the pause, the plea would not otherwise have been entered. *Nero* at 108.

{¶ 18} In response to the trial court's notice of his pause, appellant reiterated that he understood and voluntarily entered his plea. At no time during the proceedings did appellant question the plea or attempt to withdraw his plea. Instead, appellant indicated he had time to consider the plea and confer with counsel and wished to proceed with his plea. With no dispute that the trial court complied with the requirements of Crim.R. 11(C), and no support for appellant's claim of prejudice due to indecision, we find no prejudice demonstrated, meriting reversal in this case.

{¶ 19} We therefore find appellant's sole assignment of error not well-taken.

## V. Conclusion

{¶ 20} Finding substantial justice has been done, we affirm the judgment of the Lucas County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

7.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Charles E. Sulek, P.J.
CONCUR

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.