ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Defendant Ronnie Coe, Jr. appeals from the proceedings taken in connection with his guilty pleas to two counts of kidnapping and two counts of attempted rape. For the reasons set forth below, we hereby remand this matter for re-sentencing.
On February 16, 1999, defendant was indicted pursuant to a five-count indictment. Count One charged defendant with kidnapping with sexual motivation and sexually violent predator specifications. Count Two charged him with attempted rape with a sexually violent predator specification. Count Three charged defendant with gross sexual imposition. Count Four charged defendant with kidnapping, and Count Five charged defendant with attempted rape.
Defendant subsequently entered into a plea agreement with the state whereby the specifications of Counts One and Two were dismissed, Count Three was dismissed, and defendant plead guilty to the amended indictment which included two counts of kidnapping and two counts of attempted rape. Prior to accepting defendant's guilty plea, the trial court noted that defendant would be subject to post-release control as part of his sentence. The court further stated, inter alia, as follows:
 Also, in the event you're sent to a State penal institution, the Ohio Department of Corrections could add additional time onto your sentence, up to fifty percent of your sentence, if you violate the rules and regulations of the Ohio Department of Corrections.
The trial court subsequently determined that it was consistent with the provisions of R.C. 2929.11 to sentence defendant to imprisonment. The court then sentenced defendant to concurrent seven year terms on Counts One and Two, and concurrent eight-year terms on Counts Four and Five. The court further ordered that the term of incarceration ordered for Counts One and Two be served consecutively with the term ordered for Counts Four and Five. Defendant now appeals and assigns two errors for our review.
Defendant's assignments of error are interrelated and state:
 THE APPELLANT'S GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY BECAUSE THE TRIAL COURT, PRIOR TO TAKING THE PLEA, FAILED TO ADVISE APPELLANT THAT HE WAS SUBJECT TO BAD TIME UNDER O.R.C. 2943.032.
Within this assignment of error, defendant complains that the trial court failed to inform him prior to accepting his guilty plea that he was subject to bad time pursuant to R.C. 2943.032.
R.C. 2943.032 provides:
 (A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
 (B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty or ninety days for each violation.
 (C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
 (D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
 (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.
In State ex rel. Bray v. Russell (2000), 89 Ohio St.3d 132, syllabus, the Supreme Court held that R.C. 2967.11 violates the constitutional doctrine of separation of powers and is therefore unconstitutional. The court determined that the bad time statute set up a scheme whereby the Parole Board acted "as judge, prosecutor, and jury," for an action that could be prosecuted as a felony in a court of law and that trying, convicting, and sentencing inmates for crimes committed while in prison is not an appropriate exercise of executive power. The Supreme Court further noted that if an offense was serious enough to constitute an additional crime, and the prison authorities did not feel that administrative sanctions were sufficient (i.e., isolation, loss of privileges), the prison authorities should bring additional charges in a court of law, as they did before Senate Bill 2.
The state agrees that the bad time provisions in defendant's sentence must be eliminated. This claim is therefore sustained.
Defendant's second assignment of error states:
 THE LOWER COURT ERRED WHEN IT SENTENCED APPELLANT WITHOUT COMPLYING WITH 2929.19 (B)(3) WHICH REQUIRED THE COURT TO NOTIFY APPELLANT THAT HE IS SUBJECT TO THE POST CONVICTION (SIC) CONTROL PROVISION OF O.R.C. 2967.28.
Defendant next asserts the trial court did not substantially comply with its duties in taking defendant's guilty plea because it did not advise him about post-release control pursuant to R.C. 2967.28.
It is well-settled that in determining whether a trial court properly informed a defendant of a non-constitutional right, reviewing courts consider whether the trial court substantially complied with its duties. Cf. State v. Nero (1990), 56 Ohio St.3d 106, 107.
With regard to the imposition of post-release control, R.C. 2967.28(B) provides in relevant part as follows:
 Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.
In addition, R.C. 2943.032 provides:
 Prior to accepting a guilty plea or a plea of no contest to an indictment, information, or complaint that charges a felony, the court shall inform the defendant personally that, if the defendant pleads guilty or no contest to the felony so charged or any other felony and if the court imposes a prison term upon the defendant for the felony, all of the following apply:
 (A) The parole board may extend the stated prison term if the defendant commits any criminal offense under the law of this state or the United States while serving the prison term.
 (B) Any such extension will be done administratively as part of the defendant's sentence in accordance with section 2967.11 of the Revised Code and may be for thirty, sixty, or ninety days for each violation.
 (C) All such extensions of the stated prison term for all violations during the course of the term may not exceed one-half of the term's duration.
 (D) The sentence imposed for the felony automatically includes any such extension of the stated prison term by the parole board.
 (E) If the offender violates the conditions of a post-release control sanction imposed by the parole board upon the completion of the stated prison term, the parole board may impose upon the offender a residential sanction that includes a new prison term up to nine months.
Finally, we note that R.C. 2929.19(B) (3) provides in relevant part as follows:
 Subject to division (B)(4) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall do all of the following:
* * *
 (c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree, for a felony sex offense as defined in section 2967.28 of the Revised Code, or for a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
* * *
 (e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) * * * of this section, and if the offender violates * * * the board may impose a prison term, as part of the sentence, of up to one-half the stated prison term originally imposed upon the offender.
Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the sentence. Woods v. Telb (2000),89 Ohio St.3d 504, paragraph two of the syllabus. The Woods Court held, that pursuant to R.C. 2967.28(B) and (C), a trial court must inform the offender at sentencing or at the time of a plea hearing that post-release control is part of the offender's sentence. Id., at 513 (emphasis added).
In this instance, defendant was convicted of attempted rape, a felony sex offense. Therefore R.C. 2967.28(B) requires the imposition of mandatory terms of post-release control as part of a sentence and the defendant must be notified at sentencing or at the time of a plea hearing that post-release control is part of the sentence. The state concedes that defendant was not adequately informed at sentencing or the time of the plea of the terms of his post-release control. The parties do not agree, however, on the disposition of this matter. The state asserts that the plea agreement can stand but a new sentencing hearing must be held. Defendant asserts that the conviction is derived from the plea, and the plea and sentence must both be vacated.
This court has reached divergent results on this question, depending upon the information provided to the defendant and the timing of that information. In State v. Jones (May 24, 2001), Cuyahoga App. No. 77657, unreported, this court vacated defendant's plea and remanded the matter for new plea and sentencing where the trial court simply asked defendant at the time of the plea, whether he understood that he could be subject to post-release control once he got out of prison. The Jones Court determined that the lack of information did not give the defendant an adequate explanation of the potential penalties of the offense contrary to the requirements of Crim.R. 11.
In State v. Patterson (July 29, 1999), Cuyahoga App. No. 74348, unreported, however, this court upheld the plea agreement but remanded for resentencing where, prior to accepting defendant's guilty plea, the trial court posed the following question to the defendant:
 Do you understand if the court sentenced you to a period of incarceration and while incarcerated you commit additional crimes or offenses, that the parole board * * * could increase the time given by up to fifty percent.
The Patterson Court found that in asking this question, the trial court substantially complied with R.C. 2943.032, but remanded for resentencing for the limited purpose of providing the defendant with notification of post-release control pursuant to R.C. 2929.19.
We conclude that this matter is analogous to Patterson, supra, and distinguishable from Jones, supra, since the trial court in this instance, prior to accepting defendant's guilty plea, stated as follows:
 Also, in the event you're sent to a State penal institution, the Ohio Department of Corrections could add additional time onto your sentence, up to fifty percent of your sentence, if you violate the rules and regulations of the Ohio Department of Corrections.
Like the court in Patterson, we find that this statement constitutes substantial compliance with R.C. 2943.032 and we are therefore unable to conclude that defendant's guilty plea was erroneously accepted.
In accordance with the foregoing, defendant's contention is not well-taken. The matter is remanded for resentencing.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS IN JUDGMENT ONLY COLLEEN CONWAY COONEY, J., DISSENTS (SEE ATTACHED DISSENTING OPINION