[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Sion Grahm, pleaded guilty to one count of involuntary manslaughter pursuant to R.C. 2903.04(A) and one count of aggravated robbery pursuant to R.C. 2911.01(A)(1), with accompanying firearm specifications. In his sole assignment of error, he contends that the trial court erred in accepting his guilty pleas without informing him that he was waiving his right to confront the witnesses against him.
The record shows that the trial court informed Grahm that by pleading guilty he was giving up his right to a "formal trial." The court then defined a "formal trial" as "one where the State of Ohio would have to bring witnesses into the courtroom, and they would have to testify under oath" and "at which you would have the right to have the person or persons who have accused you appear in court and testify under oath." Further, Grahm signed a written guilty-plea form that specifically stated that, by pleading guilty, he was giving up his constitutional right to confront the witnesses against him. Consequently, the trial court fully complied with the requirement of Boykin v. Alabama (1969), 395 U.S. 238,89 S.Ct. 1709, and Crim.R. 11(C) that the defendant be informed that, by pleading guilty, he is waiving his right to confront the witnesses against him. See State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115;State v. McCann (1997), 120 Ohio App.3d 505, 698 N.E.2d 470.
Our review of the record shows that the trial court strictly complied with the provisions of Crim.R. 11(C) regarding the constitutional rights enumerated in Boykin, and that it substantially complied with the rule in all other respects. See Ballard, supra; McCann, supra. The court conducted a meaningful dialogue to determine whether Grahm's guilty pleas were made knowingly and voluntarily. See State v. Nero (1990),56 Ohio St.3d 106, 564 N.E.2d 474. Consequently, the trial court did not err in accepting Grahm's guilty pleas, and we overrule his assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Doan and Winkler, JJ.