OPINION
 STATEMENT OF THE FACTS AND CASE
On August 6, 1992, Appellant was indicted on two counts of Gross Sexual Imposition, two counts of Attempted Rape and three counts of Rape.
On October 5, 1992, Appellant entered pleas of guilty to one count of Gross Sexual Imposition and to an amended lesser included offense of one count of Rape pursuant to a negotiated plea. In exchange for his guilty pleas, the State of Ohio dismissed the remaining five counts in the indictment.
The trial court sentenced Appellant to one and one half years on the charge of Gross Sexual Imposition to be served consecutively with his sentence of ten to twenty-five years, with ten years actual incarceration, on the Rape charge.
On February 21, 2001, Appellant was granted leave to reopen his appeal based on his counsel's failure to file an appeal.
On April 5, 2001, the trial court appointed counsel to represent Appellant in the instant appeal.
Appellant assigns the following sole error for review:
ASSIGNMENT OF ERROR
 APPELLANT'S GUILTY PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY AND THUS VIOLATED APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS OF DUE PROCESS.
In his first assignment or error, appellant maintains the trial court violated his constitutional rights by failing to substantially comply with Crim.R. 11(C). Specifically, appellant asserts the trial court failed to advise him of the possible maximum penalties applicable to the offenses and to advise him of whether he was eligible for probation.
Crim.R. 11(C) provides, in pertinent part:
 (2) In felony cases the court may refuse to accept a plea of guilty or plea of no contest, and shall not accept such plea without first addressing the defendant personally and:
 (a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation
In State v. Nero (1990), 56 Ohio St.3d 106, the Ohio Supreme Court stated:
 Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. (Citations omitted). Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. (Citations omitted). The test is whether the plea would have otherwise been made. (Citation omitted).
Applying the aforementioned standard to the facts of the instant action, we find, under the totality of the circumstances, appellant was aware of the possible maximum penalties involved.
Prior to appellant's entering his change of plea, the trial court had the following discussion with appellant:
 THE COURT: Now, Mr. Sturgeon, insofar as you have indicated that you did not wish to have your case referred for preparation of a presentence report, and taking into consideration also the fact that this third count of the indictment is a nonprobationable offense, I want you to understand that if I accept your pleas of guilty this morning, I will proceed to impose sentence upon you. Do you understand that?
MR. STURGEON: Yes, Sir.
 THE COURT: Bearing that in mind, do you still wish to enter pleas of guilty to these two charges that we are discussing this morning?
MR. STURGEON: Yes, sir.
(T. at 9).
* * *
 THE COURT: Mr. Sturgeon, I want you to tell me in your very own words what the word "voluntary" means to you. If you do something voluntarily, how do you go about doing it?
MR. STURGEON: Of my own free will.
 THE COURT: Let me ask you then, voluntarily or of your own free will, are you entering pleas of guilty to these two charges, that is, gross sexual imposition and the lesser charge of rape?
MR. STURGEON: Yes, sir.
(T. at 10).
* * *
 THE COURT: Okay. Now, Let's turn our attention to the first count. Do you understand that the crime of gross sexual imposition is classified as a fourth degree felony? Do you understand that?
MR. STURGEON: Yes.
 THE COURT: Do you recall and can you tell me the penalty range the pertains to that particular charge?
 MR. STURGEON: On my paper here, sir, it says six months, one year, to a year-and-a-half.
THE COURT: And, or a fine not to exceed how much?
MR. STURGEON: Two thousand five hundred dollars.
 THE COURT: Okay. Understanding that now, Mr. Sturgeon, the sentence structure is a definite sentence structure, six months, a year, or a year-and-a-half and, or a fine not to exceed $2,500, do you understand that?
MR. STURGEON: Yes, your honor.
 THE COURT: Now, turning to the third count, and again, I suppose we are talking about words of art whether it's a lesser charge or it's an amended charge, in any event, the matter of force has been taken out of it which classified the offense as an aggravated felony of the first degree. And now, do you understand that we are now talking about an aggravated felony of the first degree; do you understand that?
MR. STURGEON: Yes, sir.
 THE COURT: Now, you understand that this offense, by law, is nonprobationable? Do you understand that?
MR. STURGEON: Yes, sir.
 THE COURT: Now let's go back to the penalty range for these aggravated felonies of the first degree. Do you recall and can you tell me the penalty range the legislature has provided for these aggravated felonies of the first degree.
 MR. STURGEON: Five, six, seven, eight, nine, ten up to 25 years or $10,000.
THE COURT: That's and, or a $10,000 fine.
MR. STURGEON: Yes, sir.
 THE COURT: Okay. Now there is another feature to this that I want to discuss with you, and that is the matter of actual incarceration. Now, Mr. Sturgeon, the legislature has provided that one of these six minimums, that is the five, six, seven, eight, nine, or ten, could be imposed upon you as a term of actual incarceration.
 Now, the record should reflect that prior to convening here in open court this morning, the court has provided to Mr. Sturgeon, through his attorney, a document which fully and completely sets forth the matter of the legislative definition of actual incarceration. This document is prepared for Mr. Sturgeon's signature as well as Mr. Heald's signature.
 Now, Mr. Sturgeon, first of all, have you had an opportunity to fully and thoroughly review the document that I provided to your attorney which addresses the matter of actual incarceration?
MR. STURGEON: Yes, sir.
(T. at 11-13).
* * *
The record illustrates that appellant knew he could have been sentenced to consecutive maximum terms of one and half years and ten to twenty-five years.
Appellant argues that Appellant was not informed at the time of sentencing as to the maximum penalty for the original rape charge as contained in the indictment. We find that the trial court was not required to review such with Appellant because he was not entering a plea to the original charge but instead to the amended lesser charge of rape which did not contain the force element.
Under the totality of the circumstances, we find there was more than substantial compliance with Crim.R. 11 because appellant understood the possible maximum sentences and was not prejudiced by the trial court's acceptance of his guilty pleas.
Appellant's sole assignment of error is overruled
The judgment of the Delaware County Court of Common Pleas is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed. Costs to Appellant.