This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Richard Wheeland, appeals from the decision of the Summit County Court of Common Pleas. We affirm.
{¶ 2} On August 16, 2001, Mr. Wheeland was indicted on several charges and, on December 6, 2001, he pled guilty to each of the charges: aggravated vehicular homicide, in violation of R.C. 2903.06(A)(1); aggravated vehicular assault, in violation of R.C. 2903.08(A)(1); involuntary manslaughter, in violation of R.C. 2903.04(B); driving while under the influence of alcohol or drugs, in violation of R.C.4511.19(A)(1); operating a motor vehicle without reasonable control, in violation of R.C. 4511.202; and operating a motor vehicle without assured clear distance to bring the vehicle to a stop, in violation of R.C.4511.21. He was sentenced accordingly. This appeal followed.
{¶ 3} Mr. Wheeland raises one assignment of error:
 {¶ 4} "THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S GUILTY PLEA TO AGGRAVATED VEHICULAR HOMICIDE WITHOUT HAVING INFORMED HIM PRIOR TO THE PLEA THAT HE WOULD BE INELIGIBLE FOR COMMUNITY CONTROL."
{¶ 5} Mr. Wheeland asserts that the trial court erred in failing to inform him that he was not eligible for the imposition of community control sanctions. We disagree.
{¶ 6} Crim.R. 11(C)(2) provides:
 {¶ 7} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 8} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing."
{¶ 9} A guilty plea is valid so long as a trial court substantially complies with the nonconstitutional elements of Crim.R. 11(C)(2). State v. Nero (1990), 56 Ohio St.3d 106, 108. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. Further, a defendant must also demonstrate that he or she was prejudiced by the trial court's failure to adhere to Crim.R. 11(C)(2). State v. Stewart (1977), 51 Ohio St.2d 86, 93. "The test is whether the plea would have otherwise been made." Nero,56 Ohio St.3d at 108. Consequently, substantial compliance is accomplished "[w]here the circumstances indicate that the defendant knew he was ineligible for probation and was not prejudiced by the trial court's failure to comply with Crim.R. 11(C)(2)(a). Id. at syllabus.
{¶ 10} Viewing the totality of the circumstances, we find that, even though the trial court did not specifically use the words "community control sanctions," it substantially complied with Crim.R. 11(C)(2)(a). In the present case, Mr. Wheeland's counsel informed the court that Mr. Wheeland understood the maximum possible penalties; whereupon the trial court personally addressed Mr. Wheeland in a thorough plea hearing. The trial court informed Mr. Wheeland that, with regard to the charge of aggravated vehicular homicide, "any sentences imposed by the Court under that section is mandatory incarceration." Thereafter, the trial court asked Mr. Wheeland if he understood what he had just been told. Mr. Wheeland informed the court that he understood.
{¶ 11} In the present case, the totality of the circumstances indicate that Mr. Wheeland knew he was ineligible for community control sanctions. Clearly, having been told that he faced an actual term of incarceration, Mr. Wheeland could properly be precluded from being placed on community control sanctions at the time of sentencing. Furthermore, even if we assume otherwise, Mr. Wheeland has not explained how the trial court's failure to inform him that he was ineligible for community control sanctions prejudiced him.
{¶ 12} Mr. Wheeland's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
{¶ 13} The Court finds that there were reasonable grounds for this appeal.
{¶ 14} We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
{¶ 15} Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
WHITMORE, J. CONCUR