{¶ 21} On this appeal from a judgment of conviction and sentence entered by Judge Kathleen A. Sutula, I concur in judgment only and write separately to clarify my positions with respect to Cvijetinovic's challenge to his guilty plea and the reasons his sentence must be vacated and remanded. While I agree that there is insufficient evidence to set aside the guilty plea in this appeal, I disagree with the majority author's suggestion that Cvijetinovic has failed, on all fronts, to show that his guilty plea was involuntary. Furthermore, I believe the majority author has misstated the law relevant to the sentencing in this case.
 {¶ 22} The majority author suggests that Cvijetinovic's failure to immediately question the judge's comments concerning judicial release conclusively defeats any challenge he could make to his plea, including a Crim.R. 32.1 challenge based on evidence not available in this record. Such a position assumes that Cvijetinovic knew that the judge's statement was incorrect at the time he made his plea, apparently because the judge elsewhere stated that his offenses were non-probationable. However, there is no reason to believe that Cvijetinovic understood that his ineligibility for probation also made him ineligible for judicial release because the two concepts are distinct; an offender can in fact obtain judicial release even if his offense was non-probationable.[1]
 {¶ 23} I agree that the record on appeal is insufficient to set aside the plea because there is no indication that Cvijetinovic relied on the judge's statements to his prejudice.[2] These circumstances, however, are not unusual because the substantial compliance rule tends to defeat most guilty plea challenges on appeal unless prejudice is shown in the transcript of the plea hearing or the violation does not require a showing of prejudice.[3] Where the record on appeal shows substantial compliance, the defendant still may challenge his plea through Crim.R. 32.1 if he can present evidence showing that he did not have the necessary subjective understanding of the plea's consequences.[4]
 {¶ 24} While one might debate the scope of the substantial compliance rule and the judge's duty to actively inform the defendant, asking a judge to refrain from misinforming a defendant about the consequences of his plea is not, in my view, "slavish adherence to technicality." However, Cvijetinovic did not become ineligible for judicial release until the judge sentenced him to a prison term greater than ten years, exclusive of the mandatory terms for the firearm specifications.[5] Therefore, the misinformation, if any, was the judge's failure to inform Cvijetinovic[6] that he may or may not have been eligible for judicial release depending upon the sentence imposed. Nevertheless, if Cvijetinovic can present evidence showing that he entered his plea in reliance on a misunderstanding concerning his eligibility, he is entitled to raise that issue in a Crim.R. 32.1 motion.
 {¶ 25} Because knowledge of one's eligibility for judicial release is subject to the substantial compliance rule,[7] Cvijetinovic must show that he subjectively misunderstood this aspect of his plea and that the misunderstanding affected his decision to plead guilty. The prejudice standard, however, should not exceed that stated in Hill v. Lockhart,[8]
which does not require a definite showing that the defendant would have refused the plea agreement — it is only necessary to show a "reasonable probability" that the defendant would have made a different decision.[9] Nevertheless, I agree that we are unable to vacate the plea unless and until Cvijetinovic shows that he was not otherwise aware that he might be ineligible for judicial release and that this knowledge would have affected his decision to plead guilty. Nothing in this record, however, forecloses his ability to challenge the plea and present such evidence under Crim.R. 32.1.
 {¶ 26} While I agree that this case must be remanded for resentencing, I disagree with the reasoning leading to that conclusion and would also note further sentencing errors not cited by the majority author. In concluding that resentencing is necessary the majority author states his understanding of R.C. 2929.14(B) and State v. Edmonson,[10]
which require a sentencing judge to recognize and consider the presumption that minimum sentencing is appropriate for a defendant who has not previously been sentenced to a prison term.[11] After considering the presumption of minimum sentencing, the judge may impose a greater sentence only upon finding that the minimum term "will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."[12]
 {¶ 27} The presumption also must be considered before the judge imposes the maximum prison term under R.C. 2929.14(C) because the maximum term cannot be imposed without first deciding to depart from the minimum.[13] The exception stated in R.C. 2929.14(B) must refer only to circumstances in which the maximum sentence is mandatory under R.C.2929.14(C), both because maximum sentences are statutorily disfavored[14]
and because ambiguity must be resolved in favor of the defendant.[15]
Moreover, the Edmonson court reversed the imposition of a maximum sentence because the judge failed to first consider imposing the minimum.[16] To the extent that the majority author's opinion, which I must admit I am reluctant to deconstruct in its entirety, fails to exhibit this understanding of Edmonson and R.C. 2929.14(B), I concur only in the result.
 {¶ 28} The majority author rejects the claim that the judge improperly relied upon new allegations in a victim's statement when imposing sentence. Cvijetinovic pleaded guilty to intimidation of a witness[17] stemming from a threat made on September 5, 1998, while he was free on bond. At the sentencing hearing, the victim stated that he had given her phone number to other inmates at the county jail and that she continued to receive threatening phone calls. Cvijetinovic denied that he had given the victim's phone number to anyone or that he had any involvement in ongoing threats against the victim, and the incidents she complained of apparently were under investigation. In sentencing him, the judge stated that his first threat to the victim set an example for all others who might threaten her, and therefore he was "responsible for every threatening phone call that [the victim] will receive on your behalf."
 {¶ 29} A judge is not allowed to sentence a defendant for crimes that have not been charged or proven.[18] Both R.C. 2921.03 and 2921.04
require that the offense of intimidation be committed "knowingly"; therefore, the judge had no legal basis for stating that Cvijetinovic was responsible for the conduct of others, and the majority author is incorrect in stating that the allegations "showed the extent to which Cvijetinovic engaged in intimidation." The incidents were under investigation, and he could have been sentenced to a further prison term if charged and convicted for continuing threats. However, the judge's comments amounted to improper speculation upon his involvement in those crimes because he was legally responsible only if he knowingly participated in them, an allegation that was not proven and which he denied.
 {¶ 30} Although the majority author finds the judge's imposition of consecutive sentences moot, I note that the transcript shows a failure to make the findings necessary under R.C. 2929.14(E)(4). The judge found that Cvijetinovic committed the intimidation offense while free on bond, but made none of the other findings necessary before imposing consecutive sentences.
 {¶ 31} Finally, I must note the improper and coercive nature of the judge's remarks at the end of the guilty plea hearing. The judge ordered a presentence investigation report[19] and told Cvijetinovic that "if you do not cooperate, you do not get a presentence investigation report and then it's the policy of this Court to impose the maximum term of incarceration." Imposition of the maximum sentence under such circumstances would violate the statutory principles of R.C. 2929.14(C) and would penalize the defendant for his silence in violation of the constitutional right against self-incrimination.[20] Therefore, both the judge's comments and her "policy," if it existed, were insupportable and improper.
[1] R.C. 2929.20.
[2] State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.
[3] State v. Davis (Sept. 7, 2000), Cuyahoga App. No. 76085.
[4] Id.; Nero, supra.
[5] R.C. 2929.20(A).
[6] I also note that the majority author is incorrect in stating that the judge might have been addressing Cvijetinovic's codefendant, Keith Findley, on this issue. The transcript shows that she addressed the comment to both defendants and both responded. Moreover, Cvijetinovic and Findley were in similar positions with respect to their eligibility for judicial release.
[7] State v. Pringle (June 30, 1999), Lucas App. Nos. L-98-1275, L-98-1364.
[8] (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203.
[9] Id. at 59.
[10] 86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131.
[11] Id. at 328.
[12] R.C. 2929.14(B).
[13] State v. De Amiches (Mar. 1, 2001), Cuyahoga App. No. 77609; Statev. Zimmerman (Dec. 6, 2001), Cuyahoga App. No. 79011.
[14] Edmonson, 86 Ohio St.3d at 325.
[15] R.C. 2901.04(A); Zimmerman.
[16] Edmonson, 86 Ohio St.3d at 327-328. Had the court ruled that imposition of the maximum abrogated the need to first consider the minimum, it would have examined only the requirements necessary to support the maximum sentence.
[17] R.C. 2921.04.
[18] State v. Longo (1982), 4 Ohio App.3d 136, 141, 4 OBR 228,446 N.E.2d 1145; State v. Henley (Oct. 29, 1998), Cuyahoga App. No. 74305.
[19] R.C. 2947.06, 2951.03.
[20] Mitchell v. United States (1999), 526 U.S. 314,119 S.Ct. 1307, 143 L.Ed.2d 424.