JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
On the morning of August 24, 2001, defendant-appellant Terrence Thomas, along with a co-defendant, approached an elderly woman, Ruth Harvie, who was opening up a check-cashing store that day. At gunpoint, they forced her into the empty store. Thomas pulled her hair and held a gun to the back of her neck. Once Harvie was inside, Thomas continued to hold a gun to her head and demanded that she open the store's safe. After she had opened the safe, the two men taped her arms and legs together, threatened her life, and warned her not to go to the police because they knew where she lived. The men then stole $25,000 in cash. As Harvie lay bound on the floor, Thomas's co-defendant put his foot on her face so that Harvie's head was pressed to the floor. He then held up Harvie's purse, which contained her identification, and told her again not to report the robbery because he knew where she lived.
Thomas pleaded guilty to aggravated robbery,[1]
kidnapping,[2] and intimidation of a witness.[3] The first two charges each carried a firearm specification.
At the sentencing hearing, Harvie told of her fright and suffering on that day. She described the mental and physical anguish and terror that she experienced. Harvie's husband also stated that Harvie had suffered emotional and physical trauma and that she was "not the same woman" that she had been. Thomas's attorney presented a number of factors in mitigation. Thomas expressed his remorse and apologized to Harvie and her family. The trial court sentenced Thomas to maximum consecutive sentences on the aggravated robbery and kidnapping charges, to a three-year mandatory consecutive term on one of the firearm specifications, and to a one-year prison term on the intimidation charge, which was to be served concurrently with the other sentences. Thomas now appeals, raising two assignments of error.
In his first assignment of error, Thomas claims that the trial court erred by imposing a sentence that was more than the minimum, by imposing maximum sentences for the aggravated robbery and kidnapping charges, and by making those sentences consecutive. We uphold the court's decision to impose more than the minimum prison term, and to impose the maximum sentences on the two charges, but we vacate the consecutive sentences and remand the case for the reasons that will follow.
Thomas first argues that he should not have received more than the minimum sentence. To impose a greater sentence than the minimum on one who has not served a prior prison term, as Thomas had not, the trial court must find that the shortest prison term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime.[4]
Here, the trial court made the required findings. Thomas contends, however, that the record does not support those findings. We disagree. Given that this was a particularly brutal crime where Thomas and a co-defendant held an elderly woman at gunpoint and threatened her life, we cannot say that the trial court erred in finding that imposing the minimum prison term would have demeaned the seriousness of the offenses.
Thomas next argues that the trial court erred in imposing the maximum term of imprisonment for the aggravated robbery and kidnapping offenses. When a trial court imposes the maximum sentence, it must make one of the following findings on the record: (1) that the defendant has committed the worst form of the offense; (2) that the defendant poses the greatest likelihood of committing future crimes; (3) that the defendant is a repeat violent offender; or (4) that the defendant is a major drug offender.[5] The trial court must also state on the record the reasons supporting its finding.[6]
Thomas argues the trial court failed to provide adequate reasons why he had committed the worst forms of these offenses and why he posed the greatest likelihood of committing future crimes. He further argues that neither finding was supported by the record.
Under R.C. 2929.14(C), a trial court need only make one of the listed findings. Here the trial court made two findings. It found not only that Thomas had committed the worst forms of the offenses, but also that Thomas posed the greatest likelihood of committing future crimes. While we acknowledge that the trial court mistakenly found that Thomas had prior convictions for delinquency and an unsuccessful rehabilitation, as well as a pattern of drug and alcohol abuse related to the offenses, when such findings were not supported by the record, we nonetheless conclude that the trial court did not err in sentencing Thomas to the maximum terms of imprisonment for the aggravated robbery and kidnapping charges. Irrespective of the improper findings, the record supports the trial court's finding that these were the worst forms of the offenses. Aside from being held at gunpoint, Harvie had her life threatened, she was taped up, and she suffered both physical and emotional injuries. Harvie testified that she had lingering problems, that she was still fearful, and that she had not been the same person since the incident. Because the trial court needed to find only one of the factors in R.C.2929.14(C), and because the record supported the trial court's finding that Thomas had committed the worst forms of the offenses, we find Thomas's argument without merit.
Thomas also challenges the trial court's imposition of consecutive sentences. To impose consecutive sentences, a trial court must find that consecutive sentences are necessary to protect the public or to punish the offender. The trial court must also make one of the additional findings listed in R.C.2929.14(E)(3) and provide its reasoning for those findings.[7] "When imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."[8]
At the sentencing hearing, the trial court stated that consecutive prison terms were necessary to protect the public from future crime and to punish Thomas. The trial court further stated that consecutive sentences were not disproportionate to the seriousness of the crimes. The trial court did not, however, provide its reasons for imposing the consecutive sentences on the record. We, therefore sustain that part of the first assignment of error relating to the imposition of consecutive sentences.
In his second assignment of error, Thomas contends that because the plea form that he signed did not state that the two firearm specifications carried mandatory prison terms of three years, the trial court failed to comply with Crim.R. 11.
The Ohio Supreme Court has held that a trial court need only substantially comply with the requirements of Crim.R. 11. "[S]ubstantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving. * * * Furthermore, a defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. * * * The test is whether the plea would have otherwise been made."[9]
While we agree that Thomas's plea form was somewhat ambiguous regarding the mandatory nature of the sentences on the firearm specifications, the trial court did inform Thomas at his plea hearing that the firearm specifications carried mandatory prison terms of three years. When the trial court asked Thomas if he understood that his plea would require the imposition of a mandatory term for these specifications, Thomas replied affirmatively. So even if Thomas may have been confused by the plea form, the trial court cured that confusion by orally informing Thomas of the mandatory nature of the sentence for the firearm specifications. Because the record indicates that, under the totality of the circumstances, Thomas understood the mandatory nature of his sentence on the firearm specifications prior to entering his guilty plea, we cannot say that his plea was not knowingly, intelligently, or voluntarily made. Consequently, we overrule his second assignment of error.
We, therefore, affirm Thomas's convictions and sentences except to the extent of the consecutive nature of the sentences imposed for aggravated robbery and kidnapping. We remand this cause to the trial court for resentencing consistent with this judgment entry and the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Doan and Hildebrandt, JJ.
[1] R.C. 2911.01(A)(1).
[2] R.C. 2905.01(A)(2).
[3] R.C. 2921.04(B).
[4] R.C. 2929.14(B).
[5] R.C. 2929.14(C).
[6] R.C. 2929.19(B)(2)(d); State v. Edmonson,86 Ohio St.3d 324, 328-329, 1999-Ohio-110, 715 N.E.2d 131.
[7] R.C. 2929.14(E)(4).
[8] State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165,793 N.E.2d 473, at ¶ 20.
[9] State v. Nero (1990), 56 Ohio St.3d 106, 108,564 N.E.2d 474.