OPINION
{¶ 1} Defendant-Appellant Douglas Danzeisen appeals from his convictions and sentences for two counts of robbery and one count of theft by intimidation. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} On December 16, 2002 Danzeisen was indicted on two counts of aggravated robbery, both with firearm specifications, and one count of theft by intimidation. Four months later Danzeisen entered into a plea agreement whereby he pled guilty to three new charges presented by way of bill of information: two counts of robbery and one count of theft by intimidation. The charges in the indictment were dismissed. The following month the trial court sentenced Danzeisen to consecutive sentences totaling eight years and eight months. At the same time and under a different case number, the trial court ordered Danzeisen to serve a three-year term of imprisonment for violating the conditions of his post-release control for a prior conviction. Danzeisen filed a timely notice of appeal of his convictions and sentence. Danzeisen's first assignment of error:
 {¶ 3} "Appellant's plea was not knowingly, intelligently and voluntarily entered."
 {¶ 4} Danzeisen maintains that his plea was not knowingly, intelligently, and voluntarily entered for three alternative reasons. First, he claims that the trial court did not fully examine whether he understood the nature of the charges against him. Second, he argues that the trial court did not accurately advise him of the maximum penalty that he faced. Finally, he insists that the trial court misinformed him during the plea hearing that he was eligible for judicial release. After a careful review of the record, we find that Danzeisen's plea was knowingly, intelligently, and voluntarily made.
 {¶ 5} In Boykin v. Alabama (1969), 395 U.S. 238, 242-43,89 S.Ct. 1709, the United States Supreme Court held that in order for a reviewing court to determine whether a guilty plea was voluntary, the record must show that the defendant knowingly, intelligently, and voluntarily waived his constitutional rights. See also, State v. Nero (1990), 56 Ohio St.3d 106, 107,564 N.E.2d 474. As a result, Crim.R. 11(C) was adopted to ensure an adequate record for review in order to facilitate a more accurate determination of the voluntariness of a defendant's plea. Id.
 {¶ 6} For example, Crim.R. 11(C)(2) requires the trial court to personally inform a defendant of the constitutional guarantees that he waives by entering a guilty plea. That section also demands that the trial court ensure that the defendant understands the nature of the charges against him, the maximum penalty that he faces, and whether he is eligible for probation. Id.
 {¶ 7} A defendant who claims that his guilty plea was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. Nero, supra, at 108. In other words, "[t]he test is whether the plea would have otherwise been made." Id., citations omitted.
 {¶ 8} Danzeisen was afforded a full and proper Crim.R. 11 hearing at the time of his plea. At the hearing he affirmatively stated that he had no mental handicaps or conditions. He acknowledged that he had discussed the charges and possible defenses with his attorney, albeit briefly. Additionally, after the State's recitation of the facts, Danzeisen stated that he understood and agreed with those facts. See, e.g., State v.Patrick (Oct. 5, 1994), Montgomery App. No. 13954 (having the prosecutor recite the facts supporting the charges to which a defendant intends to plead guilty is an acceptable way to determine whether the defendant understands the nature of the charges).
 {¶ 9} Danzeisen was given the opportunity to ask questions of the court and his attorney. He affirmatively stated that he was satisfied with his attorney's representation and that he was not coerced or forced to enter the plea. Danzeisen acknowledged that he read and understood the plea forms, and he signed them.
 {¶ 10} In light of the complete record, we will not assume from Danzeisen's single statement that he had only briefly discussed the charges with his attorney that he did not understand the nature of the charges against him.
 {¶ 11} Furthermore, the trial court accurately advised Danzeisen that he faced a maximum of eleven years for his robbery and theft convictions. In fact, he received eight years and eight months for those crimes. Danzeisen also was cautioned that he would be separately sentenced for his post-release control violation. The fact that he was ordered to serve additional time for his violation of post-release control on another case does not change the fact that Danzeisen understood the maximum sentence that he faced for this case.
 {¶ 12} Finally, the trial court correctly told Danzeisen at his plea hearing that he was eligible for post-release control for his new crimes. See, R.C. § 2929.20(A). At the time of the hearing, the court had not yet determined a sentence, and eligibility was likely. In fact, having been sentenced to eight years and eight months for his crimes in this case, Danzeisen is eligible for post-release control.
 {¶ 13} Danzeisen has failed to show that his plea would not have been entered had the trial court handled the plea hearing differently. To the contrary, his plea was entered in order to avoid facing the additional charges that were dismissed in exchange for his plea. Because the record shows that Danzeisen's plea was knowingly, intelligently, and voluntarily made, his first assignment of error is overruled.
 Danzeisen's second assignment of error: {¶ 14} "The trial court erred in imposing consecutive sentences on appellant."
 {¶ 15} Danzeisen also argues that the trial court erred in ordering consecutive sentences because the court failed both to make and to explain the statutorily required findings in order to impose consecutive sentences. We disagree.
 {¶ 16} When a trial court imposes multiple prison terms upon a defendant for multiple offenses, the court may require the defendant to serve those sentences consecutively if the court makes three findings. R.C. § 2929.14(E)(4). First, the court must find that consecutive sentences are necessary either to protect the public from future crime or to punish the defendant. Id. Second, the court must determine that consecutive sentences are not disproportionate to the seriousness of his conduct and to the danger that he poses to the public. Id. Finally, either the court must also find that one or more of the offenses were committed while the offender was awaiting trial or sentencing for another crime; while he was under sanction for another crime; or while he was under post-release control for a prior crime; or the court must make one of two other findings that are not relevant to this appeal. Id.
 {¶ 17} Furthermore, R.C. § 2929.19(B)(2) requires the trial court to make these findings on the record at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165. However, when making these findings, the court need not necessarily recite the exact words of the statutes. See, e.g.,State v. Evans, 153 Ohio App.3d 226, 2003-Ohio-3475, ¶ 50, citation omitted.
 {¶ 18} Danzeisen concedes that the trial court found that consecutive sentences were necessary in order to protect the public from future crimes and to punish him. Nevertheless, he argues that the court failed both to find that consecutive sentences were not disproportionate to the seriousness of his conduct and to the danger that he poses to the public and to make any finding under R.C. § 2929.14(E)(4)(a), (b), or (c).
 {¶ 19} While the trial court did not specifically state that consecutive sentences would not be disproportionate, the court did get that message across. The court repeatedly referred to the seriousness of Danzeisen's crimes. On more than one occasion the court also stressed the fact that Danzeisen committed his crimes while on post-release control from prison for a similar offense. The court stated that due to the seriousness of his crimes and the fact that he committed them while on post-release control, Danzeisen presented a great danger to the public of committing future crimes. Moreover, the court was justifiably very concerned about Danzeisen's extensive criminal history. Thus, the court did make the statutorily required findings in order to support consecutive sentences.
 {¶ 20} Accordingly, Danzeisen's second assignment of error fails.
 {¶ 21} Having overruled both of Danzeisen's assignments of error, we affirm the judgment of the trial court.
Fain, P.J. and Wolff, J., concur.