DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, which found appellant guilty of one count of sexual battery, in violation of R.C. 2907.03 (A)(2), and sentenced him to a five year term of imprisonment. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Ariel Mendez-Lopez, sets forth the following two assignments of error:
 {¶ 3} "I. The trial court erred in accepting the plea of the defendant based upon the clear lack of proper communication between the defendant, his attorney and the court at the time of the acceptance of the plea.
 {¶ 4} "II. The trial court clearly violated the defendant's rights in sentencing according to the maximum sentence in this matter."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On May 26, 2006, appellant went to the residence of his girlfriend in Norwalk, Ohio. Appellant and his girlfriend were terminating their relationship. Appellant worked until approximately 10 p.m., stopped at a local tavern, and arrived at his girlfriend's residence at approximately 11:30 p.m.
 {¶ 6} Upon arrival at his girlfriend's residence, appellant learned that she was not at home. The girlfriend's 19-year-old daughter, who suffers from seizures and developmental disabilities, was at home. The daughter's cognitive functioning is roughly equivalent to that of a typical five-year-old child. The daughter informed appellant that her mother had gone to a bar with her new boyfriend.
 {¶ 7} After being informed that his girlfriend was out with another man, appellant asked her developmentally delayed daughter if he could come inside to use the restroom. The daughter answered affirmatively. After using the restroom, appellant sat in close proximity to the daughter, hugged her, reached his hand inside her thighs and digitally *Page 3 
penetrated her, "helped her" remove her blouse and pants, engaged in oral contact upon her breasts, and initiated vaginal penetration but ejaculated prior to the penetration. Medical testing was performed shortly after this incident upon the victim's clothing which confirmed the sexual contact between the parties.
 {¶ 8} On July 6, 2006, appellant was arraigned on a bill of information for one count of sexual battery, pursuant to a negotiated plea agreement. Subsequent to appellant's plea, he was evaluated at the Mansfield Diagnostic Center and a presentence report was conducted. On August 29, 2006, appellant was sentenced to a five year term of imprisonment. On September 21, 2006, a timely notice of appeal was filed.
 {¶ 9} On September 12, 2007, counsel for appellant withdrew his second assignment of error. Accordingly, our review of this matter is confined to appellant's first assignment of error.
 {¶ 10} In his first assignment of error, appellant asserts that the trial court erred in accepting his plea. Appellant contends that he did not enter a knowing plea in conformity with the requirements of Crim.R. 11(C) (2). In support of his contention that his plea was not valid, appellant relies exclusively upon the fact that English is not his primary language. Appellant is a Mexican citizen and his primary language is Spanish.
 {¶ 11} As a Spanish speaking defendant, appellant was furnished an interpreter fluent in both English and Spanish throughout the course of his case. Given the utilization of an interpreter by appellant, as furnished by the trial court, we must carefully *Page 4 
scrutinize the transcript of the plea hearing to ascertain whether appellant's plea was made in conformity with the requirements set forth in Crim.R. 11.
 {¶ 12} In order for a plea to be validly accepted, it must be given knowingly and voluntarily. This requires adherence with the mandates of Crim.R. 11(C). If it is determined that the plea was not done voluntarily and knowingly, it must be deemed void in violation of due process rights. Boykin v. Alabama (1969), 395 U.S. 238, 243.
 {¶ 13} It is well-established that a trial court must engage in strict compliance with the plea mandates established by Crim.R. 11(C)(2)(c).State v. Nero (1990), 56 Ohio St.3d 106. These strict compliance prerequisites include the right to trial by jury, the right of confrontation, and the privilege against self-incrimination.Id. at 107. A lesser standard, substantial compliance, is applicable to the balance of Crim.R. 11(C) plea prerequisites. These rights include the right to be informed of the nature of the charges, the maximum penalty for the charged offense, and the right to understand that upon entering a plea, the court may proceed with judgment and sentence. Substantial compliance is judged according to a totality of the circumstances test. It must be demonstrated that the defendant subjectively understood these rights as he waived them and the implications upon his plea. Id. at 107.
 {¶ 14} We have carefully and thoroughly reviewed and considered the transcript of appellant's plea hearing. As a preliminary matter, we note that this transcript is unusually lengthy and detailed. The transcript reflects extraordinary measures on the part of the *Page 5 
trial court, the interpreter, and appellant's counsel to guarantee that appellant properly understood every aspect of the proceeding.
 {¶ 15} With respect to the strict compliance plea prerequisites, the record clearly establishes that it was thoroughly explained to appellant, in his native language, that his constitutional rights included the right to trial by jury, the right to question and confront all witnesses against him, present his own witnesses, and the right to refuse to testify against himself. It was plainly explained to appellant that he would be sacrificing these rights upon entry of a plea. The record clearly establishes that appellant affirmatively indicated his understanding of each of these rights, through his interpreter. We find that the trial court successfully and strictly complied with the mandates of Crim.R. 11(C)(2)(c).
 {¶ 16} Upon examining the transcript of the plea hearing, for indicia of whether the trial court substantially complied in advising appellant of his nonconstitutional rights in the course of taking his plea, we again note that the trial court went above and beyond its duty in fully apprizing appellant of each of his rights in great detail.
 {¶ 17} The record reflects that the trial court clearly explained to appellant the effect of a guilty plea and that upon said plea the court could proceed to judgment and sentence. The record shows that appellant unambiguously responded affirmatively through his interpreter. We find that the trial court successfully complied with the mandates of Crim.R. 11(C)(2)(b). *Page 6 
 {¶ 18} Finally, the record reflects that the trial court thoroughly explained to appellant the type and nature of the charge against him, the maximum penalty, maximum fine, INS implications, and all possible sanction ramifications prior to accepting the plea. Appellant clearly indicated his affirmative understanding of all of these things through his interpreter. We note that the transcript clearly reflects that the trial court, exhaustively and carefully inquired of appellant if he was voluntarily entering a plea or if any promises regarding sentence had been made. While the portion of the exchange pertaining to sentencing discussions required additional clarification with appellant at the request of his counsel, the record shows that appellant affirmatively indicated his understanding of this aspect to the stated satisfaction of his counsel. We find that the trial court successfully complied with the mandates of Crim.R. 11(C)(2)(a).
 {¶ 19} Our review of the plea hearing transcript establishes that appellant's guilty plea was knowing, voluntary, and in full compliance with Crim.R. 11. Appellant's first assignment of error is found not well-taken.
 {¶ 20} On consideration whereof, the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Huron County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4. *Page 7 
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1