[Cite as *State v. Dean*, 2016-Ohio-3076.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150478 |
| | | TRIAL NO. B-1500171 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| LATEEF DEAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  May 20, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Judge.**

{¶1}     Defendant-appellant Lateef Dean has appealed from the trial court's entry convicting him, following guilty pleas, of aggravated robbery, felonious assault, and accompanying weapon specifications.  Because the trial court incorrectly informed Dean of the maximum sentence faced for the offense of aggravated robbery, and then imposed a sentence for that offense greater than what it had stated was the maximum sentence available, we hold that Dean's pleas were not entered knowingly, intelligently, and voluntarily.

### *Factual Background*

{¶2}     Dean pled guilty to aggravated robbery, a felony of the first degree, and felonious assault, a felony of the second degree.  Both offenses had accompanying weapon specifications.  The trial court sentenced Dean to five years' imprisonment for the offense of aggravated robbery and two years' imprisonment for the offense of felonious assault.  These sentences were made concurrent.  Dean received a sentence of three years' imprisonment for each of the accompanying weapon specifications.  These sentences were made consecutive to each other and to the sentences imposed for the underlying offenses, resulting in an aggregate sentence of 11 years' imprisonment.

{¶3}     Dean has raised four assignments of error for our review.  Because the resolution of his third assignment of error is dispositive of this appeal, we consider it first.

*Crim.R. 11(C)*

{¶4}     In his third assignment of error, Dean argues that the trial court erred in accepting his guilty pleas because they were not entered knowingly, intelligently, and voluntarily because the trial court had incorrectly informed him of the maximum sentence faced for the offense of aggravated robbery.  The state concedes this error.

{¶5}     Pursuant to Crim.R. 11(C), before accepting a plea of guilty or no contest in a felony case, the trial court must address the defendant personally and, as relevant to this appeal, make sure that the defendant understands the maximum penalty faced.  *See* Crim.R. 11(C)(2)(a).  Because it did not involve a constitutional right, the trial court needed to have substantially complied with this requirement.  *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14.  Substantial compliance connotes that "under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving."  *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).  A trial court's failure to substantially comply with the nonconstitutional requirements of Crim.R. 11(C) will not render a defendant's plea unknowing, unintelligent, or involuntary unless the defendant suffered prejudice.  *Id.*  A defendant demonstrates prejudice by establishing that, but for the trial court's failure to substantially comply with the rule, the plea would not have otherwise been made.  *Id.*

{¶6}     Dean pled guilty to aggravated robbery, a felony of the first degree that carried a sentencing range of three to 11 years' imprisonment.  But during Dean's plea colloquy, the trial court informed him that he faced a maximum sentence of three years' imprisonment for this offense.  Despite this stated maximum, the court then imposed a sentence of five years' imprisonment for the offense of

aggravated robbery. We hold that, by informing Dean that the maximum sentence available for a first-degree felony was three years' imprisonment, the trial court failed to substantially comply with Crim.R. 11(C)(2)(a).

{¶7} We further hold that Dean suffered prejudice. He received a sentence of imprisonment that was two years greater than what he had been informed was the maximum sentence that he could receive. Because Dean had been informed that he faced a maximum sentence of three years' imprisonment for the offense of aggravated robbery, we cannot say that he would have still entered his plea had he known that he could be subjected to five years of imprisonment. In other words, the trial court's misstatement of the maximum sentence may have induced Dean into pleading guilty. *See State v. Carney*, 7th Dist. Belmont No. 06 BE 18, 2007-Ohio-3180, ¶ 27 (June 21, 2007); *State v. Eckles*, 173 Ohio App.3d 606, 2007-Ohio-6220, 879 N.E.2d 829, ¶ 56 and 70 (7th Dist.).

{¶8} Dean's pleas must be vacated because he did not enter them knowingly, intelligently, and voluntarily. The third assignment of error is sustained. Dean's first, second, and fourth assignments of error are rendered moot by our disposition of the third assignment of error.

{¶9} In conclusion, we vacate Dean's guilty pleas, reverse his convictions, and remand this cause for further proceedings consistent with the law and this opinion.

                                        Judgment reversed and cause remanded.


**FISCHER, P.J.,** and **STAUTBERG, J.,** concur.

Please note:

    The court has recorded its own entry on the date of the release of this opinion.